485 So.2d 438 (1986)
The DEAN COMPANY, Appellant,
v.
U.S. HOME CORPORATION, INC., and Imperial Cove Condominium XIII Association, Inc., Appellees.
No. 84-2711.
District Court of Appeal of Florida, Second District.
February 12, 1986.
David E. Platte, of Bauer, Koch, Platte & Mariani, Clearwater, for appellant.
Joseph R. Park, of Park, Smith & Maguire, P.A., Clearwater, for appellee U.S. Home Corp., Inc.
FRANK, Judge.
The Dean Company, the third party defendant below, has appealed from a final judgment in which it was found liable for contribution to the appellee, U.S. Home Corporation, Inc., in satisfaction of a judgment rendered in an action initiated by Imperial Cove Condominium XIII Association. The Association sued U.S. Home because leaks had developed in the roofs of a number of the condominium units U.S. Home, the developer and general contractor, had built. The plywood roof deck was installed by U.S. Home, but it subcontracted the construction of the built-up roofing system to Dean. Thus, when faced with negligence and breach of warranty claims stemming from the defective roofs, U.S. Home filed a third party complaint against Dean seeking indemnification. The trial court severed the third party action and separately tried the Association's claims. At the conclusion of the non-jury trial the court entered an order adjudicating the issues finding that the Association was entitled to recover upon its claims of negligence, a breach of statutory implied warranty, and a breach of the common law implied warranty asserted against U.S. Home. The court found that the defects were occasioned in some degree by inadequate nailing or fastening of the plywood decking  U.S. Home's responsibility  and by the improper installation, application, or construction of the built-up roofing system  Dean's responsibility. Against that backdrop Dean prepared to defend U.S. Home's claim for indemnification.
In his opening statement in the third party trial, U.S. Home's attorney informed the court that the evidence would show *439 that Dean's failure to include rosin sheathing paper in the roof system was the sole proximate cause of the damage sustained by the Association. Dean's counsel, in his opening statement, stated that a third party plaintiff in an indemnification action, in this instance U.S. Home, must show that it was not actively negligent to any degree in causing the defect, a statement of the law which U.S. Home's counsel agreed was correct. Therefore, indemnification was the only cause of action pleaded by U.S. Home against Dean and the ground rules had been effectively set at the outset of the trial of the third party claim: i.e., Dean had only to persuade the trial court that U.S. Home's negligence in placing the sub-roofing in some fashion contributed to the leaking roofs in order to be absolved of any liability on a theory of indemnification. At the conclusion of the third party trial, however, the trial court found that the deficient performance by U.S. Home and Dean were in effect concurrent causes of the Association's damages, and it permitted U.S. Home to amend its complaint to "conform to the evidence." Thus, based on the contribution theory, the trial court assessed Dean with fifty percent of the earlier judgment the Association had procured against U.S. Home. Dean claims it was prejudiced by the trial court's allowance of the amendment; we agree and reverse.
Our supreme court, in Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979), has stressed with absolute clarity that the claimant's or, as here, the third party plaintiff's freedom from active negligence is the sine qua non of an indemnity action:
Indemnity is a right which inures to one who discharges a duty owed by him but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought.... Indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors. A weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking indemnity must be without fault. 374 So.2d at 493 (citations omitted) (emphasis in original).
Dean entered the trial of the third party claim knowing that the trial court had been convinced in the initial trial between the Association and U.S. Home that the latter was culpable in the nailing of the plywood decking and that Dean had only to defend against U.S. Home's attempt to thrust upon it the entire responsibility for the roof's failure. The focus of Dean's defense, then, was quite properly on only one element of a negligence action  proximate causation. Dean's counsel had no reason to develop evidence during the trial of the third party action that would have shed light on the percentage, if any, of the damages sustained by the Association to be borne by Dean; the weighing of the relative fault of the parties is foreign to an indemnity action. The trial court was obviously in error.
U.S. Home urges us to sustain the trial court's ruling, however, on the grounds that leave to amend pleadings should be freely granted, and, in any event, the issue of contribution had been tried by the consent of the parties. We recognize, of course, the desirability of allowing the liberal amendment of pleadings to facilitate efficient litigation; nevertheless, the trial court's exercise of discretion to permit amendment wanes as the litigation progresses. Triax, Inc. v. City of Treasure Island, 208 So.2d 669 (Fla. 2d DCA 1968). Certainly that discretion is at its nadir when the trial court has, as in this case, heard all of the evidence, has denied the third party plaintiff's pleaded indemnification claim, and has ruled on the cause of the damages suffered. In fact, only if the parties had, by consent, tried this case on a theory of contribution could it be said that the trial court did not abuse its discretion, but substantial obstacles deter us from arriving at that conclusion.
The primary difficulty with U.S. Home's theory that the contribution theory was *440 tried by consent is that nothing put Dean on notice that relative fault was indeed the issue being tried. Evidence of Dean's negligence  the natural point of concentration in an action seeking contribution  was consistent with the indemnification theory that Dean's counsel believed was being tried. Dean, therefore, had no inkling that objection to the introduction of negligence evidence was appropriate; however, this is not to say that Dean impliedly consented to the trial of a contribution claim. Indeed, Dean could not discern at any juncture in the trial that the third party plaintiff had shifted its theory of recovery. Allowing an amendment after the close of the evidence served only to trap Dean in a judgment requiring contribution. See Tucker v. Daugherty, 122 So.2d 230 (Fla. 2d DCA 1960). Thus, many of the factors discussed by this court in Smith v. Mogelvang, 432 So.2d 119 (Fla. 2d DCA 1983), as indicative of the circumstance where parties have tried an issue by consent, have no relevance in a case such as this. For instance, as we have pointed out above, Dean cannot be faulted for failure to interpose timely objections because there was no specific evidence confined to a theory of contribution to which it might have objected.
Finally, the comments of U.S. Home's counsel at the close of the trial more than suggest that even U.S. Home did not "consent" to try this case on a theory of contribution. The trial court, in preparing to take a recess before it announced a decision, stated that "it's going to be an all or a nothing," to which U.S. Home's counsel replied, "for purposes of indemnification, we don't have any choice. I understand I'm put in that posture." Nevertheless, the trial court reviewed the evidence, concluded that both parties were at fault, that either concurrent cause, alone, could have produced the Association's damages, and that each party's fault was of equal weight. The trial court denied the indemnity claim at that time and reserved ruling on U.S. Home's motion to amend the pleadings to conform to the evidence. That motion was granted at a later date. This unorthodox procedure left Dean in the position of being fifty percent liable to the Association after participating in the trial knowing  as did U.S. Home  that it was an "all or nothing" case  that only an indemnity claim was to be and in fact was tried.
Accordingly, because of the prejudice Dean suffered by being led into a well-founded belief inducing it to refrain from presenting evidence as to the degree of its negligence, we must reverse the final judgment and remand this case to the trial court for the entry of a judgment discharging Dean from liability on U.S. Home's third party claim for indemnification.
LEHAN, A.C.J., and HALL, J., concur.