499 So.2d 4 (1986)
DESIGNERS TILE INTERNATIONAL CORPORATION, Appellant,
v.
CAPITOL C CORPORATION, Appellee.
R & S PARTNERSHIP, LTD., a Florida Limited Partnership, d/b/a Red Sunset Building and Cecily Silverman, As Trustee for R & S Partnership, Ltd., Appellants,
v.
MARTIN SCHAFFEL ENTERPRISES, INC., Appellee.
Nos. 85-1693, 85-914.
District Court of Appeal of Florida, Third District.
November 25, 1986.
On Rehearing January 13, 1987.
*5 Carey, Dwyer, Cole, Eckhart, Mason & Spring and Pamela Beckham, Miami, for Designers Tile.
Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy Gallagher, Miami, for Schaffel.
Thompson & Associates and Jeanne Heyward, Miami, for R & S Partnership.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
This is a consolidated appeal from final judgments entered upon a jury verdict in a negligence action, involving both a main claim and cross claim, arising out of a defective roof repair job.
The defendants R & S Partnership, Ltd., Capitol C Corporation and Cecily Silverman [hereinafter collectively R & S] appeal the final judgment entered in favor of the plaintiff Designers Tile International, Inc. [hereinafter Designers Tile], and argue as their sole point on appeal that the trial court erred in permitting the plaintiff Designers Tile to amend its complaint at the close of all the evidence so as to allege a new cause of action against the defendants R & S, to wit: an action for vicarious responsibility for the negligence of Courtesy Roofing, the firm used in repairing the subject roof. We entirely agree. The case had been fully tried on the plaintiff Designers Tile's claim against the defendants R & S for the negligent hiring of Courtesy Roofing when the subject amendment was allowed. The change in the cause of action allowed by the amendment was, in our view, a material change which under the facts of this case greatly prejudiced the defendants R & S. Moreover, there was utterly no evidence presented to support the negligent hiring claim so that the defendants R & S were, as urged, entitled to a directed verdict below in their favor. See McCullough v. McCullough, 156 Fla. 321, 23 So.2d 139, 140 (1945); Dean Co. v. U.S. Home Corp., 485 So.2d 438, 439-40 (Fla. 2d DCA 1986); Tucker v. Daugherty, 122 So.2d 230, 232 (Fla. 2d DCA), cert. denied, 125 So.2d 878 (Fla. 1960); see also Swilley v. Economy Cab Co. of Jacksonville, 56 So.2d 914 (Fla. 1951) (where evidence does not support cause of action pled, directed verdict required); Smith's Bakery, Inc. v. Jernigan, 134 So.2d 519 (Fla. 1st DCA 1961) (same).
Given our decision on the defendants R & S's appeal as stated above, the remaining appeals herein become moot. The defendants R & S's appeal on the cross claim against defendant Martin Schaffel Enterprises, Inc. is moot because they are not liable to the plaintiff Designers Tile; the plaintiff Designers Tile's appeal from the final judgment, based on a claimed inadequate damage award, is moot because (a) the defendants R & S are not liable to the said plaintiff; and (b) the judgment in favor of the defendant Martin Schaffel Enterprises, Inc. has not been appealed by Designers Tile.
The final judgment entered in favor of the defendant Martin Schaffel Enterprises, Inc. is affirmed. The final judgment entered in favor of the plaintiff Designers Tile against the defendants R & S is reversed and the cause is remanded to the trial court with directions to enter judgment for the defendants R & S.
Affirmed in part; reversed in part.

ON REHEARING
PER CURIAM.
All parties have filed motions for rehearing in this cause, all of which are denied. We clarify our opinion, however, in one respect, namely, the effect of our decision herein is to exonerate the defendants R & *6 S from any and all liability to any party in this cause.