511 So.2d 1114 (1987)
John W. FRESHWATER, Appellant/Cross-Appellee,
v.
Richard VETTER and Royal Cove of Naples, Inc., Appellees/Cross-Appellants.
No. 86-1472.
District Court of Appeal of Florida, Second District.
September 4, 1987.
Nelson A. Faerber, Jr., of Faerber & Miller, Naples, for appellant/cross-appellee.
Michael R.N. McDonnell of McDonnell & Berry, Naples, for appellees/cross-appellants.
PER CURIAM.
John W. Freshwater filed suit against Royal Cove of Naples, Inc., and its president, Richard Vetter. Freshwater alleged fraud and breach of contract by Royal Cove and fraud by Royal Cove and Vetter in Freshwater's purchase of Executive Health Spa, owned by Royal Cove.
Royal Cove and Vetter filed their defenses and a counterclaim. They contended that Freshwater had fraudulently executed a promissory note in connection with the transaction. Royal Cove sought to recover the balance claimed due on Freshwater's note.
*1115 The trial court directed a verdict against Freshwater on his breach of contract claim. The case went to the jury on Freshwater's fraud count against Royal Cove and Vetter and on the counterclaim against Freshwater. The jury returned a verdict of $49,000 in favor of Freshwater against both Royal Cove and Vetter. It also returned a verdict for Royal Cove against Freshwater for $48,260.14 for the balance due on Freshwater's note. Finally, the jury awarded $9,622.50 in attorney's fees to Royal Cove and Vetter and $2,500 in attorney's fees to Freshwater. After consolidating the awards, the trial court entered judgment for $7,903 against Freshwater and in favor of Vetter and Royal Cove. This timely appeal by Freshwater and cross-appeal by Royal Cove and Vetter followed.
Appellant Freshwater and cross-appellants Vetter and Royal Cove raise several points. We have reviewed each point and find merit only to Vetter's contention that the trial court erred in allowing Freshwater to amend his cause of action to include Vetter in his individual capacity at the close of Freshwater's case.
Freshwater alleged that the corporation was Vetter's alter ego. Since no evidence was offered to support this theory, the trial judge directed a verdict in Vetter's favor. However, at this point, and over objection of Vetter, the court allowed Freshwater to amend his complaint to allege that Vetter had committed fraud against Freshwater. Thus, by allowing the amendment the case went to the jury on a new cause of action against Vetter.
A judgment upon a matter entirely outside the issues made by the pleadings cannot stand, and such a judgment is voidable on appeal. Cortina v. Cortina, 98 So.2d 334, 337 (Fla. 1957). Freshwater, however, seeks to sustain the trial court's action in allowing his complaint against Vetter to be amended over Vetter's objection. He argues that the central issue throughout the trial was the actions and statements of Vetter. Thus, Freshwater says, there was no surprise at trial when the trial judge allowed his pleadings to be amended to conform with the evidence that Vetter was individually liable for his fraudulent misrepresentations.
Freshwater further argues that since evidence of fraud was introduced against Vetter without objection, the trial court was correct in allowing the pleadings to be amended. The fallacy in this argument, as Vetter points out, is that he was not in a position to object to the evidence offered by Freshwater since it was consistent with the claim framed by Freshwater's pleading that Vetter was an alter ego of Royal Cove. Thus, we think Vetter's failure to object did not constitute an express or implied consent to try the unpled issue. See Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA 1980).
If evidence is introduced as to facts or issues not presented in the pleadings, the court, in its discretion, may allow amendments to conform to the evidence. Fla.R.Civ.P. 1.190. However, amending to state a new cause of action should not be allowed over objection. Triax, Inc. v. City of Treasure Island, 208 So.2d 669 (Fla. 2d DCA 1968); Tucker v. Daugherty, 122 So.2d 230 (Fla. 2d DCA), cert. denied, 125 So.2d 878 (Fla. 1960). We think the trial judge abused his discretion in this case by allowing Freshwater to amend his pleadings to state a cause of action against Vetter individually on a fraud theory after the close of Freshwater's case against Vetter which had been pled on basis of Vetter being the alter ego of Royal Cove.
Accordingly, we vacate the judgment entered against Vetter individually; otherwise, we affirm. We direct the trial court to enter an amended judgment consistent with this opinion.
SCHEB, A.C.J., and SCHOONOVER and THREADGILL[*], JJ., concur.
NOTES
[*] Judge Threadgill participated in the decision but did not participate in the oral argument.