ON MOTION TO ENFORCE MANDATE
FRANK, Judge.
The Dean Company seeks relief from the trial court’s order, entered following the issuance of our mandate, permitting U.S. Home Corporation to pursue an amended complaint asserting entitlement to contribution as a result of a judgment awarded a condominium association. This matter is before us in alternative forms, i.e., a motion to enforce our mandate, a writ of mandamus, a writ of prohibition, or a writ of certiorari. We enforce the mandate and deny the petition in all other respects. We direct the trial court to enter an order dismissing the amended complaint.
We noted in our opinion in The Dean Company v. U.S. Home Corporation, Inc., 485 So.2d 438, 440 (Fla. 2d DCA 1986), that during the trial and before judgment, U.S. Home Corporation elected to confine its cause of action to a claim for indemnification rather than for contribution. The trial court, however, determined at the close of the evidence, and in spite of U.S. Home’s election, to allow amendment of the complaint to conform to the evidence. That amendment had the effect of transforming the action from one for indemnification to one for contribution. The error we found on appeal emerged from that amendment, 485 So.2d at 439, and precludes U.S. Home from resuming the litigation based upon a theory of contribution.
We anticipated, consistent with our mandate, that further proceedings would comply with the effect to be given our opinion within the boundaries of applicable and controlling principles of law. Thus, in requiring the trial court to enter judgment discharging Dean from liability to U.S. Home for indemnification, we by no means created an opportunity for U.S. Home to pursue an action for contribution. U.S. Home’s choice of an indemnification remedy and its renunciation of the alternative, contribution, foreclosed the present effort to force Dean to assist in satisfying the association’s judgment. At the time of trial, indemnification and contribution were coexistent, mutually exclusive remedies, and “[w]hen a party elects between two or more inconsistent courses and has knowledge of all the pertinent facts, he binds himself to the course he adopts.... ” Barbe v. Villeneuve, 505 So.2d 1331 (Fla.1987); see Encore, Inc. v. Olivetti Corporation of America, 326 So.2d 161, 163 (Fla.1976).
This matter is remanded to the trial court for further proceedings consistent with this opinion.
LEHAN, A.C.J., and HALL, J., concur.