BASKIN, Judge.
Appellant Bookworks, Inc., [Bookworks] challenges the trial court’s entry of an adverse summary judgment following denial of Bookworks’ motion for leave to amend its complaint and entry of an order granting Capital C Corporation [Capital] relief from final summary judgment. We reverse.
Florida Rule of Civil Procedure 1.190(a) instructs courts to grant leave to amend freely when justice so requires. A request to grant such a privilege is especially compelling when a party seeks to amend prior to a hearing on a motion for summary judgment. Old Republic Ins. Co. v. Wilson, 449 So.2d 421 (Fla. 3d DCA 1984). Here, Bookworks filed a motion for leave to include an additional count in the complaint four months before the hearing. The added count was based on the same transaction as the counts in the initial complaint, and had a direct bearing on Capital’s motion for summary judgment. Thus, the trial court should have granted Bookworks’ motion for leave to amend.
We also find error in the trial court’s grant of Capital’s motion for relief from summary judgment and motion for final summary judgment.[1] Collateral estoppel may be applied only where the parties and issues are identical and where a particular matter has been fully litigated and determined in prior litigation which has resulted in a final decision in a court of competent jurisdiction. Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla.1977); Nationwide Mut. Fire Ins. Co. v. Race, 508 So.2d 1276 (Fla. 3d DCA 1987); Husky Indus., Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982); Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88 (Fla. 1st DCA 1981); see Trucking Employees of N. Jersey Welfare Fund, Inc. v. *1247 Romano, 450 So.2d 843 (Fla.1984). Because Bookworks was neither a party to the related action nor in privity with any party, collateral estoppel does not apply. Prudential Ins. Co. v. Turkal, 528 So.2d 487 (Fla. 3d DCA 1988).
Reversed and remanded.

. The trial court appears to have made these rulings in an effort to be consistent with the decision of this court in Designers Tile Int'l Corp. v. Capitol C Corp., 499 So.2d 4 (Fla. 3d DCA 1987).