537 So.2d 561 (1988)
ARKY, FREED, STEARNS, WATSON, GREER, WEAVER & HARRIS, P.A., Petitioner,
v.
BOWMAR INSTRUMENT CORPORATION, etc., Respondent.
BOWMAR INSTRUMENT CORPORATION, etc., Petitioner,
v.
ARKY, FREED, STEARNS, WATSON, GREER, WEAVER & HARRIS, P.A., Respondent.
Nos. 71719, 71720.
Supreme Court of Florida.
December 22, 1988.
Rehearing Denied February 24, 1989.
Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for petitioner/respondent.
Andrew C. Hall and Richard O'Brien of Hall, O'Brien and Cohen, P.A., Miami, and Harold E. Kohn, Dianne M. Nast and Stanley M. Shur of Kohn, Savett, Klein and Graf, P.C., Philadelphia, for respondent/petitioner.
BARKETT, Justice.
We have for review Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 527 So.2d 211 (Fla. 3d DCA 1987), based on certified conflict with Freshwater v. Vetter, 511 So.2d 1114 (Fla. 2d DCA 1987); Designers Tile International Corp. v. Capitol C Corp., 499 So.2d 4 (Fla. 3d DCA 1986), review denied, 508 So.2d 13 (Fla. 1987); Dean Co. v. U.S. Home Corp., Inc., 485 So.2d 438 (Fla. 2d DCA 1986); and Citizens National Bank v. Youngblood, 296 So.2d 92 (Fla. 4th DCA 1974). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This review arises from a lawsuit in which the firm of Arky, Freed, Stearns, *562 Watson, Greer, Weaver & Harris, P.A. ("Arky, Freed") sued Bowmar Instrument Corporation ("Bowmar") for legal fees, and Bowmar countersued on a claim of legal malpractice, alleging general negligence. The action arose from a dispute in which Arky, Freed had represented Bowmar in a prior lawsuit involving Fidelity Electronics ("Fidelity").
Twelve days before trial, Bowmar disclosed that its general negligence claim encompassed the specific charge that Arky, Freed negligently had failed to assert and prove a particular defense against Fidelity, despite Bowmar's direct instructions to do so. Arky, Freed immediately moved for a continuance or, in the alternative, to exclude all evidence relating to this belated claim. The motion for continuance was heard on Friday, the last scheduled working day prior to the trial, and denied. Trial commenced on the following Monday, and at the outset, Arky, Freed's motion to exclude evidence of this specific claim was heard and also denied. The trial concluded with a jury verdict in Bowmar's favor.
On appeal, the Third District addressed three issues arising from these facts. First, it held that the trial court erred in deciding that Bowmar's general allegations stated a cause of action for Arky, Freed's specific failure to present the defense requested by Bowmar. Second, it held that the trial court acted improperly in failing to grant the continuance, since Arky, Freed effectively was unable to prepare an adequate defense.
Third, the Third District considered and rejected Arky, Freed's request to order the trial court to direct a verdict in its favor. On this issue, the District Court certified conflict with Freshwater, Designers Tile, Dean Co. and Citizens National to the extent that they might require a directed verdict in every case where a plaintiff pleads one cause of action and proves another. We decline to address those issues outside the scope of our conflict jurisdiction and confine this opinion solely to the third point.
Arky, Freed contends that the Court's holding in Dober v. Worrell, 401 So.2d 1322 (Fla. 1981), and its progeny required that the trial court on remand direct a verdict in the firm's favor. In Dober, the Court considered a decision where the Fourth District concluded that the defendant was entitled to prevail on the issues framed by the pleadings, yet remanded the case to allow the plaintiff to amend. This Court quashed the decision of the district court in the interests of judicial economy and finality:
It is our view that a procedure which allows an appellate court to rule on the merits of a trial court judgment and then permits the losing party to amend his initial pleadings to assert matters not previously raised renders a mockery of the "finality" concept in our system of justice. Clearly, this procedure would substantially extend litigation, expand its costs, and, if allowed, would emasculate summary judgment procedure.
Id. at 1324 (emphasis added).
This policy is reiterated throughout this state's precedent. In Citizens National, for instance, the plaintiff had pled a breach of agreement but had based its evidence at trial entirely on failure to sell stock in a commercially reasonable manner. 296 So.2d at 94. Thus, the Fourth District found that the trial court as a matter of law should have directed a verdict for the defendant. Id.
The case of Dean Co., 485 So.2d at 438, involved a third-party defendant who defended an action for indemnification but was found liable at the conclusion of trial for a fifty percent "contribution." Finding the theories of indemnification and contribution entirely different, the Second District held that the cause of action against the third-party defendant must be dismissed on remand. Id. at 440.
In Designers Tile, 499 So.2d at 4, the plaintiff had presented its entire case under a theory of negligent hiring. The trial court, however, had permitted it to amend its complaint at the close of all evidence to include an action for vicarious liability. There had been no evidence to support the negligent hiring claim. On these facts, the Third District ordered the complaint dismissed. Id. at 5-6.
*563 In Freshwater, 511 So.2d at 1114, the cause had proceeded to trial under a theory that a corporation was the alter ego of the defendant, but the plaintiff had failed to present any evidence on this point. The trial court directed a verdict in favor of the defendant on this question, but then permitted the plaintiff to amend his complaint to include a personal fraud allegation. On these facts, the Second District held that the fraud count must be dismissed on remand. Id. at 1115.
We cannot say that the matter before us is sufficiently different from the facts presented in these prior cases to support a different result. In this case, Bowmar did not prove the allegation of the counterclaim, but rather proved a claim not pled with sufficient particularity for Arky, Freed to prepare a defense. Under our law, Bowmar is thus precluded from recovery on this essentially unpled claim.
Bowmar argues, however, that the Third District correctly distinguished this precedent. It bases this contention on the trial judge's error in finding that the specific allegations made by Bowmar were encompassed in the original counterclaim, thus rendering an amendment unnecessary. Bowmar argues that "reliance" on this error distinguishes this case and warrants a remand to permit the appropriate amendment to the pleadings.
We cannot agree. Had Arky, Freed waited to object until the presentation of evidence and then moved for a directed verdict, Bowmar would not have been entitled to amend its pleadings and start the case anew. We cannot see the difference between objecting to the introduction of the evidence pertaining to an unpled claim at trial or by a motion in limine immediately prior to the trial. The effect is the same  calling the court's attention to the fact that an unpled claim is not being tried by consent, since consent would permit Bowmar to amend its pleadings to conform to the proof.
In this case, Bowmar was on notice that Arky, Freed considered Bowmar's evidence beyond the scope of the pleadings. Rather than reevaluating this position, Bowmar opposed the motion for continuance and chose to proceed to trial under the risk that Arky, Freed might have been correct. This "reliance" is no different than that of any lawyer who, at trial, chooses to present evidence over opposing counsel's overruled objection. By "relying" on the trial court's ruling, counsel always proceeds at the clear risk of reversal if the trial court was wrong.
For the same policy reasons underlying Dober, we conclude that litigants at the outset of a suit must be compelled to state their pleadings with sufficient particularity for a defense to be prepared. Our growing, complex society and diminishing resources mandate the requirement that litigants present all claims to the extent possible, at one time, and one time only. We disapprove the opinion of the Third District below to the extent it conflicts with this decision, and approve the opinions in Freshwater, Designers Tile, Dean Co. and Citizens National. On remand, the district court shall order that a verdict be directed in favor of Arky, Freed.
It is so ordered.
EHRLICH, C.J., and OVERTON and KOGAN, JJ., concur.
GRIMES, J., dissents with an opinion, in which McDONALD and SHAW, JJ., concur.
GRIMES, Justice, dissenting.
In each of the cases cited for conflict, there was no effort to amend the pleadings to state a new cause of action until after the plaintiff had presented its evidence. In each instance, the court properly held that to permit an amendment at this point would unfairly prejudice the defendant.
The instant case is much different. Twelve days before the commencement of the trial, Bowmar disclosed that it intended to prove at trial a theory which was arguably beyond the scope of the allegations of its counterclaim. Arky, Freed moved for a continuance on the ground that it did not have adequate time to prepare to defend against the new claim. The trial judge *564 ruled that Bowmar's new claim was sufficiently embraced within the existing counterclaim and denied the motion for continuance.
I do not quarrel with the conclusion that the new claim went beyond the allegations of the counterclaim and that a continuance should have been granted. However, Bowmar was justified in relying upon the trial court's ruling and should not now be penalized for failing to amend. As Judge Pearson succinctly stated in the opinion below:
Any other rule would be absurd. A party who relies on a favorable trial court ruling should not be placed at risk of being worse off than had the ruling been unfavorable in the first instance. For example, had the trial court ruled in the present case that Bowmar's "failure-to-present-a-cover-defense" claim was not embraced within its existing pleadings, Bowmar could have moved to amend its pleadings, and had amendment been permitted (and, necessarily, the trial continued), there would have been no variance between the pleading and proof and, hence, no possibility of a directed verdict because of one. It would be anomalous indeed if the favorable ruling that no amendment was needed were to deprive Bowmar of the opportunity to prove its claim simply because the ruling is reversed on appeal.
Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 527 So.2d 211, 215 (Fla. 3d DCA 1987).
I respectfully dissent.
McDONALD and SHAW, JJ., concur.