KLEIN, J.
Suntree Homes, a builder, appeals a judgment ordering it to repair a defect in plaintiffs’ home, arguing that the court erred because plaintiffs sued only for damages, not specific performance. We reverse.
The new home built by Suntree for plaintiffs contained a crack in the concrete slab which resulted in tile above the slab cracking. Suntree had offered to repair the slab, using a procedure which would cost approximately $2,000, but plaintiffs refused and sued for damages. Their expert testified that it would cost $40,000 to do the repair. The trial court rejected plaintiffs’ theory and entered a final judgment finding that Suntree had complied with its contract by offering to repair the slab.
The plaintiffs then filed a motion to amend their pleadings to conform to the evidence to seek specific performance of Suntree’s offer to do the $2,000 repair. The judge granted the motion and Suntree has appealed, arguing that a cause of action for a specific performance was not tried by express or implied consent. Fla. R. Civ. P. 1.190(b).
The fact that Suntree offered to perform the $2,000 repair, which plaintiffs refused, was not a basis on which the court could grant specific performance. Suntree was not, by offering to make the repair, injecting the issue of specific performance. Suntree was obligated by its contract to repair defects, and by putting on evidence that it had offered to do the repair, Sun-tree was merely adducing evidence relevant to its position that it was not in breach of the contract. Dean Co. v. U.S. Home Corp., 485 So.2d 438 (Fla. 2d DCA 1986) (defendant did not consent to try claim on theory not stated in complaint by presenting evidence that was a defense to that complaint). We therefore reverse that portion of the post judgment order granting specific performance.
STONE and HAZOURI, JJ., concur.