NATHAN, Judge.
This is an appeal by Wolfgang Von Dunser, plaintiff in the trial court, from an order granting motion to dismiss with prejudice, and final judgment in favor of *96 the defendants, Edwin M. Carter, Richard La Conte, Lewis Busier, and Cassius B. Sisler, individually and as joint venturers, in an action for a finder’s fee.
In May of 1973, plaintiff Von Dunser, the owner of the Double D Ranch, a parcel of real property located in DeSoto County, Florida, entered into a contract to sell the ranch to the Carter group, the defendants herein. In June of 1973, the Carter group orally agreed to pay Von Dunser a finder’s fee for procuring a buyer for the Carter group’s contract for sale of the Double D. Ranch. After expending time and effort in attempting to find a purchaser for the defendants’ contract, Von Dunser did obtain a purchaser, General Development Corporation, and the contract was sold. Upon closing the transaction, Von Dunser made a demand upon the Carter group for payment of the finder’s fee, pursuant to the agreement. The defendants failed to pay and Von Dunser commenced this action.
The defendants filed a motion to dismiss on the grounds that Von Dunser is not entitled to receive a commission on the sale since he was neither a registered real estate agent nor broker. Von Dunser stipulated that he was not a registered real estate agent or broker and the court entered an order dismissing the complaint with prejudice because “ . . . the plaintiff has not complied with Chapter 475 of the Florida Statutes in that he is not a registered real estate broker.”
On appeal, Von Dunser argues that the defendants, unable to go through with the initial contract, were about to default under its terms. In order to prevent such default and loss of the defendants’ deposit, under the terms of the contract, Von Dun-ser undertook to sell his property by virtue of assignment of the contract to General Development Corporation, the newly obtained purchaser. Thus, he contends, he was selling his property, rather than the contract, and one need not be a broker to sell his own property under the exception set out in § 475.01, Fla.Stat. We note that this was not alleged in Von Dunser’s complaint, and that the original contract does not appear in the record on appeal. While the trial court was eminently correct in dismissing the cause based on the pleadings before it, in our opinion such dismissal should have been without prejudice to permit Von Dunser to amend his complaint should he so desire, and final judgment should not have been entered.
Affirmed in part, reversed in part and remanded to the trial court for further proceedings consistent with this opinion.