PER CURIAM.
During the 2004 legislative session, the Legislature made several amendments to the Florida Statutes, which became effective on July 1, 2004, and which significantly affect the Florida Supreme Court Approved Family Law Forms. First, the Legislature amended section 784.047, Florida Statutes (2003), to make the violation of an injunction for protection against sexual violence a first-degree misdemeanor punishable as provided in sections 775.082 or 775.083, Florida Statutes (2003). See ch.2004-17, § 2, Laws of Fla. Second, the Legislature amended section 784.046, Florida Statutes (2003), to allow a petitioner for an injunction for protection against sexual violence to furnish an address to the court in a separate confidential filing pursuant to section 119.07(3)(s), Florida Statutes (2003), and to allow a petitioner to include a law enforcement agency incident report number in the petition as opposed to attaching the report to the petition. See ch.2004-17, § 1, Laws of Fla. Lastly, the Legislature amended section 784.046 to permit a law enforcement officer to make an arrest without a warrant when there is probable cause to believe that a person has committed a criminal act according to sections 741.31 or 784.047, Florida Statutes (2003), which violates an injunction for protection entered pursuant to sections 741.30 or 784.046, Florida Statutes (2003). See ch.2004-17, § 1, Laws of Fla.
*580 Pursuant to the procedures approved in Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1, 14 (Fla.2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and determined that amendments to existing domestic, repeat, dating, and sexual violence forms are necessary as a result of the legislation.[1] Accordingly, we hereby adopt various amendments to the following Florida Supreme Court Approved Family Law Forms: 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence; 12.980(h), Petitioner’s Request for Confidential Filing of Address; 12.980(i), Motion for Extension of Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence; 12.980(j) Motion for Modification of Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence; 12.980(q) Petition for Injunction for Protection Against Sexual Violence; 12.980(r), Temporary Injunction for Protection Against Sexual Violence; and 12.980(s), Final Judgment of Injunction for Protection Against Sexual Violence (After Notice).
The forms are adopted as set forth in the appendix to this opinion, fully engrossed, effective for immediate use. However, due to the number of amendments to existing forms, we direct that these forms be published in The Florida Bar News so that any interested person may file comments with this Court by September 15, 2004. By adoption of these forms, we express no opinion as to their correctness or applicability, or on the substance of the new legislation. This opinion and the forms discussed herein may be accessed and downloaded from this Court’s website at www.flcourts.org.
It is so ordered.
PARIENTE, C.J., with WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(g),
SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE
When should this form be used?
You may use this form if your Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(a), or your Petition for Injunction for Protection Against Repeat Violence, ^ □ Florida Supreme Court Approved Family Law Form 12.980(f), or your Petition for Injunction for Protection Against Dating Violence, % □ Florida Supreme Court Approved Family Law Form 12.980(n), or your Petition for Injunction for Protection Against Sexual Violence, % □ Florida Supreme Court Approved Family Law Form 12.890(q), was denied by the judge. You should use this supplemental affidavit to add facts or clarify the facts you wrote in your original petition. For a domestic violence case, you should include FACTS that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the respondent. *581 For a repeat violence case, you should include FACTS that establish that you or a member of your immediate family have or has been a victim of at least two prior incidents of violence, that one of those incidents occurred. within the last six months and that there is an immediate and present risk of danger to you or a member of your immediate family. For a dating violence case, you should include FACTS that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the respondent who is an individual with whom you have or have had a continuing and significant relationship of a romantic or intimate nature, to be determined by consideration of such facts as the dating relationship existed within the past six months, the nature of the relationship included an expectation of affection or sexual involvement and the frequency and type of interaction between you and the individual included involvement over time and on a continued basis. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context. For a sexual violence case, you should include FACTS that establish that you are a victim of sexual violence or the parent of a minor child living at home who is a victim of sexual violence, that you have reported the sexual violence to law enforcement and are cooperating in the criminal proceeding if there is one. If the respondent was in state prison for sexual violence against you or the minor child and respondent is out of prison or is getting out within 90 days of the petition, include that information in your supplemental affidavit, along with a copy of the notice of inmate release.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records.
What should I do next?
After you complete this supplemental affidavit, the clerk will attach it to your original petition and all the documents will be submitted to the judge as your “Amended Petition.”
[[Image here]]
*582 [[Image here]]
*583 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(h),
PETITIONER’S REQUEST FOR CONFIDENTIAL FILING OF ADDRESS
When should this form be used?
If you are the petitioner seeking an injunction for protection against domestic violence or sexual violence and you fear that disclosing your address to the respondent would put you in danger, you should complete this form and file it with the clerk of the circuit court.
You cannot use this form in a petition for injunction for protection against repeat or dating violence action.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your petition was filed and keep a copy for your records.
[[Image here]]
*584 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980®,
MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE
When should this form be used?
If you are the petitioner on a previously entered injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence and that injunction will soon expire, you may use this form to request that the court extend the injunction. You must file a motion for extension BEFORE the previously entered order expires.
This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing to the other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, □ Florida Family Law Rules of Procedure Form 12.910(a).
You will need to appear at the hearing on your motion. After the hearing, if the judge grants your motion, he or she will prepare an Order Extending Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence, % □ Florida Supreme Court Approved Family Law Form 12.980(m). After the judge signs the order, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the previously entered injunction AND a certified copy of the order extending that injunction with you at all times.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat, dating, or sexual violence forms and will answer any question that you may have. *585 Special notes ...
With this form you may also file the following:
• Petitioner’s Request for Confidential Filing of Address, %,□ Florida Supreme Court Approved Family Law Form 12.980(h), if your petition is for an injunction for protection against domestic violence or sexual violence and you wish to keep your address confidential. When completing this form, you should make sure that your reasons for requesting that the injunction be extended are stated clearly and that you include all relevant facts.
[[Image here]]
*586 [[Image here]]
*587 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.9800),
MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE
When should this form be used?
This form may be used if you are a party to a previously entered injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence and you want the court to modify the terms of the injunction. If you use this form, you are called the moving party. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the original petition was filed and keep a copy for your records. You must file a motion for modification before the previously entered order expires. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing to the other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. If you are not represented by an attorney in this action, you must file proof that the other party personally received notice of your motion. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, % □ Florida Family Law Rules of Procedure Form 12.910(a).
You will need to appear at a hearing on your motion for modification of injunction. After the hearing, if the judge grants your motion, he or she will prepare a new injunction for protection that contains the modifications. After the judge signs the new injunction, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the new injunction with you at all times!
*588 Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline ” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat, dating, or sexual violence forms and will answer any question that you may have.
Special notes ...
If the injunction you are seeking to modify is for domestic violence and you want the court to modify alimony, custody of a minor child(ren), or child support, you must establish that there has been a change in circumstance(s), as required by chapter 61, Florida Statutes, or chapter 741, Florida Statutes, as applicable, that requires this (these) modification(s). Be sure that you make these change(s) clear in your motion.
With this form you may also file the following:
• Petitioner’s Request for Confidential Filing of Address, □ Florida Supreme Court Approved Family Law Form 12.980(h), if your petition is for an injunction for protection against domestic violence or sexual violence and you wish to keep your address confidential.
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, □ Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and attached if the modification(s) you are seeking involves temporary custody of any minor children).
• Family Law Financial Affidavit, % □ Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and attached if the modification(s) you are seeking involves temporary alimony or temporary child support.
• When completing this form, you should make sure that your reasons for requesting that the injunction be modified are stated clearly and that you include all relevant facts.
[[Image here]]
*589 [[Image here]]
*590 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(q),
PETITION FOR INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE
When should this form be used?
If you are a victim of sexual violence or the parent or legal guardian of a minor child who is living at home and is a victim of sexual violence, you can use this form to ask the court for a protective order prohibiting sexual violence. Sexual violence means any one incident of:
• sexual battery, as defined in chapter 794, Florida Statutes;
• a lewd or lascivious act, as defined in chapter 800, Florida Statutes, committed upon or in the presence of a person younger than 16 years of age;
• luring or enticing a child, as described in chapter 787, Florida Statutes;
• sexual performance by a child, as described in chapter 827, Florida Statutes; or
• any other forcible felony wherein a sexual act is committed or attempted
In order to get an injunction you must have reported the sexual violence to a law enforcement agency and be cooperating in the criminal proceeding if there is one. It *591 does not matter whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney’s office. You may also seek an injunction for protection against sexual violence if the respondent was sent to prison for committing one of the sexual violence crimes listed above against you or your minor child living at home and respondent is out of prison or is getting our of prison within 90 days of your petition. Attach the notice of inmate release to your petition.
Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are seeking an injunction for protection against sexual violence on behalf of a minor child who is living at home, the parent or legal guardian must have been an eyewitness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or is the other parent of your child(ren) whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county were you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that an immediate and present danger of violence exists, the judge will sign a Temporary Injunction for Protection Against Sexual Violence, Florida Supreme Court Approved Family Law Form 12.980(r). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first, unless the respondent is incarcerated, and in such instance the temporary injunction is effective for 15 days following the date the respondent is released from incarceration. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the Information presented by one side — YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge *592 will decide whether to issue a Final Judgment of Injunction for Protection Against Sexual Violence (After Notice), Florida Supreme Court Approved Family Law Form 12.980(s), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of sexual violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, %>□ Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will provide you with necessary forms. For further information, see section 784.046, Florida Statutes.
Special Notes ...
If you fear that disclosing your address to the respondent would put you in danger, you should complete Petitioner’s Request for Confidential Filing of Address, ^ □ Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write “confidential” in the space provided for your address on the petition.
[[Image here]]
*593 SECTION I. PETITIONER (This section is about you. It must be completed. However, if you fear that disclosing your address to the respondent would put you in danger, you should complete and file Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and write “confidential” in the space provided on this form for your address.) 1.Petitioner currently lives at: {address, city, state, zip code} - Date of Birth of Petitioner: - [/ if applies] _ Petitioner seeks an injunction for protection on behalf of a minor child. Petitioner is the parent or legal guardian of {full legal name} _ _, a minor child who is living at home. 2.Petitioner’s attorney’s name, address, and telephone number is: _ (If you do not have an attorney, write “none.”) SECTION II. RESPONDENT (This section is about the person you want to be protected from. It must be completed.) 1. Respondent currently lives at: {address, city, state, and zip code} _ Respondent’s Driver’s License number is: {if known} _ 2. Respondent’s last known place of employment: _ Employment address: _ Working hours: - 3. Physical description of Respondent: Race: _ Sex: Male_ Female_ Date of Birth: Height: _ Weight: _ Eye Color: _ Hair Color: Distinguishing marks and/or scars: _ Vehicle: (make/model) _Color: _Tag Number: _ 4. Other names Respondent goes by (aliases or nicknames): _ 5. Respondent’s attorney’s name, address, and telephone number is: - (If you do not know whether Respondent has an attorney, write “unknown.” If Respondent does not have an attorney, write “none.”) 6.If Respondent is a minor, the address of Respondent’s parent or legal guardian is: SECTION III. CASE HISTORY AND REASON FOR SEEKING PETITION (This section must be completed.) 1. Petitioner has suffered sexual violence as shown by the fact that the Respondent has: {describe the facts of violence} - □ Check here if you are attaching additional pages to continue these facts.
*594 [/ all that apply] _ a. Petitioner reported the sexual violence to law enforcement and is cooperating in any criminal proceeding. The incident report number by law enforcement is:_ {If there is a criminal case, include case number, if known}_ __ b. Respondent was sent to prison for committing sexual violence against Petitioner or Petitioner’s minor child living at home and Respondent is out of prison or is getting out of prison within 90 days. The notice of inmate release is attached. 2.Has Petitioner ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Respondent in this or any other court? ( ) Yes ( ) No If yes, what happened in that case? {include case number, if known} 3.Has Respondent ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Petitioner in this or any other court? ( )Yes( ) No If yes, what happened in that case? {include case number, if known} 4.Describe any other court case that is either going on now or that happened in the past between Petitioner and Respondent {include case number, if known}: _ 5.Additional Information [/ all that apply] _ a. Respondent owns, has, and/or is known to have guns or other weapons. Describe weapon(s): __ b. This or prior acts of violence have been previously reported to: {person or agency} SECTION IV. INJUNCTION (This section must be completed.) 1. Petitioner asks the Court to enter an injunction prohibiting Respondent from committing any acts of violence against Petitioner and: a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives; b. prohibiting Respondent from going to or within 500 feet of Petitioner’s place(s) of employment or the school that Petitioner attends; the address of Petitioner’s place(s) of employment and/or school is: _ c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner; d. ordering Respondent not to use or possess any guns or firearms; [/ all that apply] _ e. prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner’s immediate family must go to often: _ _. f. prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner’s motor vehicle; and any other terms the Court deems necessary for the safety of Petitioner and Petitioner’s immediate family.
*595 [[Image here]]
*596 [[Image here]]
*597 [[Image here]]
*598 [[Image here]]
*599 [[Image here]]
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE (AFTER NOTICE)
The Petition for Injunction for Protection Against Sexual Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Sexual Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent ( ) Petitioner’s Counsel ( ) Respondent’s Counsel
SECTION II. FINDINGS
On {date}_, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of sexual violence by Respondent and meets the requirements for an injunction established by law.
SECTION III. INJUNCTION AND TERMS
This injunction shall be in full force and effect until ( ) further order of the Court ( ){date}_This injunction is valid and enforceable throughout all counties in the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
*600 [[Image here]]
*601 [[Image here]]
*602 [[Image here]]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.