965 So.2d 1277 (2007)
Charles T. MORRELL, Appellant,
v.
Cheryl D. CHADICK, Appellee.
No. 2D07-53.
District Court of Appeal of Florida, Second District.
October 17, 2007.
*1278 Robert H. Mackenzie of Levine, Hirsch, Segall, Mackenzie & Friedsam, P.A., Tampa, for Appellant.
Jarrod M. Scharber of The Law Office of Charles D. Waller, P.A., Dade City, for Appellee.
VILLANTI, Judge.
Charles T. Morrell appeals a final judgment of injunction for protection against sexual violence. Mr. Morrell contends that there was insufficient record evidence to support the trial court's final judgment. After reviewing the record, we agree and reverse.
On November 20, 2006, Cheryl D. Chadick filed a petition for injunction for protection against sexual violence. The petition alleged that Mr. Morrell, who had been Ms. Chadick's supervisor, had sexually harassed her and coerced her into having sex against her will. The petition claimed Ms. Chadick had sex with Mr. Morrell because she felt threatened by his "extreme anger and violent temper problem" and because she did not want to lose her job. The petition also alleged that Mr. Morrell had continued to call Ms. Chadick at her home, work, and cellular telephone numbers and had threatened "blackmail to cause injury to [her] and [her] family." Ms. Chadick specifically claimed concern for her safety.
The trial court heard Ms. Chadick's petition on November 29, 2006. At the beginning of the hearing, Mr. Morrell moved to dismiss the petition, arguing that it was facially insufficient because the facts asserted did not reflect that Ms. Chadick had been the victim of sexual violence as defined in section 784.046, Florida Statutes (2006), because the parties had been involved in a consensual sexual relationship. The trial court denied Mr. Morrell's motion, finding that the petition alleged sex against Ms. Chadick's will as well as stalking, both of which could constitute forms of violence under the statute.
The matter proceeded to an evidentiary hearing. Ms. Chadick testified that she worked with Mr. Morrell from June 2005 to July 2006, when she voluntarily resigned her employment with their employer. She and Mr. Morrell were involved in a sexual relationship from September 2005 to August 2006  after her resignation. Although Ms. Chadick claimed she felt pressured to have sex with Mr. Morrell, she was unable to identify anything in particular he said or did to pressure her into having sex. Mr. Morrell was never physically violent towards Ms. Chadick, but she felt intimidated by him because he had previously yelled at her over the telephone on work-related issues and because she had heard him yell at his wife, children, and other employees. She also claimed that in March or April 2006 when she told Mr. Morrell over the telephone that she did not want to meet him to have sex, he got angry, told her that "it was unacceptable," and yelled at her over the telephone, at which point she agreed to have sex with him.
*1279 As noted above, Ms. Chadick quit her job in July 2006 and her sexual encounters with Mr. Morrell ended in August 2006. Therefore, she was not working with Mr. Morrell when she filed the petition for injunction on November 20, 2006. In fact, Ms. Chadick had not seen Mr. Morrell since early October 2006. At the November 29 hearing, Ms. Chadick failed to present any evidence that she was in fear of Mr. Morrell after the two stopped working for the same employer. The essence of Ms. Chadick's testimony was that beginning in October 2006, Mr. Morrell had called her cellular telephone, home, and place of employment so frequently that her new employer terminated her. Ms. Chadick claimed she told Mr. Morrell in September or October 2006 that she did not want any contact with him, but he continued to call her. She stopped calling him and answering his calls in mid-October 2006. At the hearing, Ms. Chadick put into evidence thirteen messages left by Mr. Morrell on her cellular telephone between October 20 and November 2, 2006. Many of the messages asked Ms. Chadick to call Mr. Morrell; none of the messages contained violent language, threats of violence, or requests for sex. In fact, many of the messages urged Ms. Chadick to terminate an affair with her supervisor at her subsequent place of employment and to reconcile with her husband. There was no evidence of any contact between Ms. Chadick and Mr. Morrell after November 3, 2006.
After hearing the evidence, the trial court concluded that Mr. Morrell's repeated telephone calls supported "a preliminary showing of stalking," which did not require threats of violence. The court then concluded that Mr. Morrell was stalking Ms. Chadick with repeated telephone calls, which the court considered a form of harassment under the statute. Therefore, it granted an injunction. The final judgment entered by the court, however, did not mirror its oral findings and conclusions. Rather, the trial court issued a "final judgment of injunction for protection against sexual violence," stating:
After hearing the testimony of each party present and of any witnesses . . . the Court finds, based on the specific facts of this case, that Petitioner is a victim of Sexual violence and/or Petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of an act of Sexual violence by Respondent and meets requirements for an injunction established by law.
The final judgment does not mention the trial court's findings of stalking. Mr. Morrell appeals this final judgment.[1]
Section 784.046(2) contains three separate and distinct causes of action upon which a trial court may issue an injunction against violence. See § 784.046(2)(a)-(c). A court can issue an injunction against (1) repeat violence, (2) dating violence, or (3) sexual violence. Id. While some of the elements necessary to state a cause of action under each provision overlap, each *1280 cause of action contains allegations that differ from the other two. See id. Consequently, like any other cause of action, the evidence presented at trial for each of these causes of action must be sufficient to survive a motion to dismiss. In this case, the evidence at trial did not support a finding of sexual violence as defined in the statute and did not support the entry of a final judgment of injunction for protection against sexual violence.
Ms. Chadick filed her petition for injunction using a court-provided form that tracked the section of the statute allowing relief based upon sexual violence. The trial court, in denying Mr. Morrell's pretrial motion to dismiss, specifically found the allegations in the petition for injunction sufficient to state a cause of action for sexual violence. Thereafter, at the conclusion of the evidentiary hearing, the court entered a final judgment based upon a finding that Ms. Chadick was "a victim of Sexual violence." In denying Mr. Morrell's pretrial motion to dismiss, the trial court made a preliminary finding that the extramarital affair between the parties could constitute coercion sufficient to support sexual violence. In pretrial proceedings this may have been a permissible, albeit somewhat broadened, interpretation of the term "sexual violence" as defined in section 784.046(1)(c). However, once Ms. Chadick testified, she was unable to objectively substantiate the basis for her belief that her "consensual" sex with Mr. Morrell during an eleven-month period was actually the result of coercion.
When asked by the trial court what Mr. Morrell had said or done to make her feel she was being coerced into having sex with him, she indicated that she could not "recall exactly." Moreover, at the time when she filed the petition for injunction, Ms. Chadick had not worked with Mr. Morrell for more than three months, and beginning in October 2006, her only contact with Mr. Morrell had been telephonic. Also, none of the telephone calls contained threats of sexual violence. Her testimony belied her claim and the final judgment's findings that she was in imminent danger of becoming a victim of an act of sexual violence. Thus Ms. Chadick did not present any objective basis to support her subjective belief that she was the victim of sexual violence. See Oettmeier v. Oettmeier, 960 So.2d 902, 904 (Fla. 2d DCA 2007) (noting that "if fear alone is the `reasonable cause' alleged to support the injunction, then not only must the danger feared be imminent but the rationale for the fear must be objectively reasonable as well" (citing Gustafson v. Mauck, 743 So.2d 614, 615 (Fla. 1st DCA 1999))). Hence, the trial court erred in entering a final judgment on the basis of sexual violence.
The trial court apparently astutely recognized the flaw in Ms. Chadick's allegations of sexual violence and orally stated that the evidence of Mr. Morrell's numerous telephone calls supported a finding of stalking. However, Ms. Chadick had filed a petition for injunction for protection against sexual violence, and the statutory definition of "sexual violence" contained in section 784.046(1)(c) does not include stalking. Ms. Chadick did not amend her pleadings, and this issue was not tried by consent. Moreover, the trial court entered the final judgment on the standard form used for injunctions for protection against sexual violence, and the final judgment did not include any findings regarding stalking. Absent amendment of the pleadings or trial by consent, the trial court cannot enter an injunction on grounds of violence different from the ground alleged by the petitioner. See generally Freshwater v. Vetter, 511 So.2d 1114, 1115 (Fla. 2d DCA 1987) (noting that judgment upon a matter outside the issues asserted by the pleadings *1281 cannot stand absent amendment of the pleadings, but amendment to state a new cause of action at trial should not be allowed over objection). Dismissal of the petition without prejudice for Ms. Chadick to refile or amend her petition was the appropriate remedy. See, e.g., Von Dunser v. Carter, 334 So.2d 95, 96 (Fla. 3d DCA 1976) (holding that where complaint was deficient, it should have been dismissed without prejudice to allow plaintiff an opportunity to amend the complaint if he so desired). Therefore, based on the record on appeal, there was insufficient competent, substantial evidence supporting the final judgment of injunction for protection against sexual violence.
We note that while evidence of past alleged nonconsensual sexual encounters not involving criminal charges might under certain facts constitute grounds for an injunction for protection against sexual violence, the trial court made no findings that Ms. Chadick had entered into sexual encounters with Mr. Morrell against her will. Even if the trial court had made such findings, it is not clear whether in this case such findings, standing alone, would have been legally sufficient to support an injunction against sexual violence without a showing that a threat of sexual violence was imminent. Regardless, it is apparent from the record, including the trial court's stalking commentary, that the trial court would not have entered the injunction in this case based upon the past sexual liaison allegations alone.
We also note that this reversal may soon become moot because the one-year injunctive timeframe set by the trial court will soon expire. However, because the final judgment's deficiency results in significant stigma against Mr. Morrell, he is entitled to have the matter remanded to the trial court to vacate the final judgment.
Finally, we reject Mr. Morrell's argument that his numerous, unwelcome telephone calls to Ms. Chadick were intended to communicate ideas and were therefore protected by the First Amendment. Harassment cannot constitute speech protected by the First Amendment. See generally Bouters v. State, 659 So.2d 235, 237 (Fla.1995) (finding that "[s]talking, whether by word or deed, falls outside the First Amendment's purview").
Reversed and remanded with directions.
CASANUEVA and SILBERMAN, JJ., Concur.
NOTES
[1] We note that an injunction for protection against sexual violence requires a finding that: (a) the petitioner "reported the sexual violence to a law enforcement agency and is cooperating in any criminal proceedings against the respondent" or (b) the respondent "was sentenced to a term of imprisonment in state prison for the sexual violence and the respondent's term of imprisonment has expired or is due to expire within 90 days following the date the petition is filed." 784.046(2)(c)(1)-(2). Ms. Chadick's petition alleged that she had reported the sexual violence to a law enforcement agency, but no evidence was presented at the final hearing establishing this requirement. Furthermore, there is no record evidence that Morrell was ever investigated, arrested, imprisoned, or charged with sexual violence.