FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2022-1751
_____

MIKA KUSCHNITZKY,

    Appellant,

    v.

MARY KATHERINE MARASCO,

    Appellee.

_____


On appeal from the Circuit Court for Leon County.
Dawn Caloca-Johnson, Judge.

November 29, 2023


LONG, J.

Mika Kuschnitzky appeals a final judgment of injunction for protection against sexual violence entered against him pursuant to section 784.046(2)(c), Florida Statutes. Because the statutory conditions for a sexual violence injunction were not met, we reverse.

I

Section 784.046(2), Florida Statutes, creates a "cause of action for an injunction for protection in cases of sexual violence." It also sets out the procedure and criteria for such injunctions:

(c) A person who is the victim of sexual violence or the parent or legal guardian of a minor child who is living at

home who is the victim of sexual violence has standing in the circuit court to file a sworn petition for an injunction for protection against sexual violence on his or her own behalf or on behalf of the minor child if:

1. The person has reported the sexual violence to a law enforcement agency and is cooperating in any criminal proceeding against the respondent, regardless of whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney . . .

§ 784.046(2)(c), Fla. Stat. The statute's plain language, therefore, requires petitioners to do three things. First, they must establish they were a victim of sexual violence. Second, they must have reported the sexual violence to a law enforcement agency. Finally, they must cooperate in any subsequent criminal proceeding that may result from their report.

## II

The issue here turns on the second requirement—whether the petitioner, Mary Katherine Marasco, reported the sexual violence to a law enforcement agency. Marasco did make a phone call to the Tallahassee Police Department. Marasco called seeking information about the options available to her. She provided her name and details about the incident, but she requested to remain anonymous and declined to make "a full disclosure" to the police department. Marasco told the police officer that she would decide later if she wanted to fully report the incident. But Marasco never called back and never followed up with the police department to report the incident. The officer Marasco spoke with testified that, in compliance with Marasco's wishes, she treated the call as an anonymous matter, that nothing was written down, and that no names were recorded. Kuschnitzky argues that this anonymous phone call was not enough to constitute a report as required by section 784.046(2)(c), Florida Statutes. We agree.

## III

This is a question of statutory interpretation. We begin our analysis with the words of the text. A petitioner has standing if "[t]he person has reported the sexual violence to a law enforcement

2

agency and is cooperating in any criminal proceeding against the respondent." Fla. Stat. 784.046(2)(c)1. "The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 2 at 56 (2012). Our interpretation of this text should be guided by the ordinary-meaning canon, "the most fundamental semantic rule of interpretation." *Id.* § 6, 69. "Words are to be understood in their ordinary, everyday meanings—unless the context indicates that they bear a technical sense." *Id.*

Black's Law Dictionary defines the term report as "[a] formal oral or written presentation of facts." *Report,* BLACK'S LAW DICTIONARY (7th ed. 1999). To "report" something, according to Merriam–Webster's Collegiate Dictionary, is "to give an account of," "to serve as a carrier of (a message)," or "to give a formal or official statement of." *Report,* MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1997). These definitions indicate that to "report" something requires a formal action.

Next, we consider the context of the term "report" within the statute and conclude that it also suggests a formal action must be taken to trigger the relief it offers. The legislature required a petitioner to have "reported the sexual violence to a law enforcement agency." §784.046(2)(c), Fla. Stat. This phrase anticipates that the person reporting the violence would have initiated a full, official report with law enforcement. The phrase is followed by, "and is cooperating in any criminal proceeding against the respondent." *Id.* This demonstrates that the kind of report contemplated is one that operates in furtherance of a criminal proceeding. An anonymous phone call cannot meet this requirement. If an anonymous call were sufficient, it would render the statute's cooperation requirement meaningless.*

---

\* The dissent concludes that "[t]he statute's focus is not on what happens after the victim reports the assault." But as we have seen, one of the statute's three requirements is focused exclusively on what happens after the victim reports the assault—that she cooperate with any subsequent prosecution. That focus is in the very same sentence as the reporting requirement. This

3

We pause briefly to address the dissent's alternative construction. The dissent relies on a 2004 family law form which includes a blank space for a petitioner to list the law enforcement incident report number. Leaning on the form, the dissent concludes that "[t]he statute does not require anything more about a report except the fact of a report sufficient to generate an incident report number, and the petitioner's provision of that report number in the petition." First, we reject the premise that a family law form is relevant to our interpretation of the controlling law. Second, even if it were relevant, the inclusion of a place to list an incident number on a form does not suggest to us that the statute's reporting requirement is thereby limited to obtaining that number. Finally, and most importantly, the statute says nothing about incident numbers. This interpretation effectively rewrites the statute to say a petitioner has only to have called and gotten an incident number, instead of what it actually says, that the petitioner *report* the incident to law enforcement. And here, as we have already discussed, the text and its context demonstrate that report means to make a full report and cooperate with law enforcement.

Florida law hinges access to the vast injunctive power of the state on a petitioner having first reported the incident to law enforcement and then cooperating with any criminal proceeding that follows. Marasco's anonymous phone call does not meet the reporting requirement of section 784.046(2)(c). She therefore lacks standing to petition for a sexual violence injunction.

REVERSED and REMANDED with instructions to vacate the final judgment of injunction for protection against sexual violence.

NORDBY, J., concurs; KELSEY, J., dissents with opinion.

---

requirement makes no sense if the petitioner need only make an anonymous call to obtain an incident number.

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

KELSEY, J., dissenting.

Florida adopted the law at issue in this case, "The Victim's Freedom Act," in 2003. Ch. 2003-117, § 2, Laws of Fla. (HB 561). This Act was codified at section 784.046 of the Florida Statutes, and created a cause of action for "an injunction for protection in cases of sexual violence." § 784.046(2), Fla. Stat. (2003). The operative language creating standing to petition for an injunction against sexual violence has not changed since then, giving victims standing to petition for a protective injunction in circuit court. *See* § 784.046(2)(c), Fla. Stat. (2023). In relevant part, the statute conditions such standing on whether "[t]he person has reported the sexual violence to a law enforcement agency and is cooperating in any criminal proceeding against the respondent, regardless of whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney." § 784.046(2)(c)1.

The statute as enacted in 2003 included a form petition, requiring among other things that the petitioner swear that "Petitioner has suffered sexual violence as demonstrated by the fact that the respondent has: (enumerate incident of violence *and attach incident report by law enforcement agency or notice of inmate release*.)." § 784.046(4)(b), Fla. Stat. (2003) (emphasis added) (setting forth form for petition). The next year, the Legislature amended the Act, making it necessary for the supreme court to modify the petition form. The supreme court rendered an opinion stating that it was modifying the form "to allow a petitioner for an injunction for protection against sexual violence to furnish an address to the court in a separate confidential filing pursuant to section 119.07(3)(s), Florida Statutes (2003), and to allow a petitioner to include a law enforcement agency incident report number in the petition as opposed to attaching the report to the petition." *Amends. To Fla. Sup. Ct. Approved Fam. Law*

*Forms—Sexual Violence Forms*, 880 So. 2d 579, 579 (Fla. 2004) (citing Ch. 2004, § 1, Laws of Fla.). The court appended the approved form to its 2004 opinion, and explained the basic prerequisites for obtaining an injunction as follows:

> In order to get an injunction you must have reported the sexual violence to a law enforcement agency and be cooperating in the criminal proceeding if there is one. It does not matter whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney's office.

*Id.* at 590–91.

The current form is the same as that revised and approved in 2004, and it includes the following relevant fill-in section:

> ____ a. Petitioner reported the sexual violence to law enforcement and is cooperating in any criminal proceeding. The incident report number by law enforcement is: _____. *{If there is a criminal case, include case number, if known}.* _____.

*Id.* at 592.

The issue before us is what level of detail and formality is required for the "report" under section 784.046, which is a question of law we address de novo. *See Brungart v. Pullen*, 296 So. 3d 973, 976 (Fla. 2d DCA 2020) (noting that appellate court examines the record for competent, substantial evidence supporting the trial court's entry of an injunction, but reviews de novo the legal sufficiency of the evidence).

Research has not revealed any cases on point. In one appeal involving this statute and form, the court pointed out in a footnote that the petitioner had not presented evidence satisfying the reporting requirement: "[T]he petition alleged that she [petitioner] had reported the sexual violence to a law enforcement agency, but no evidence was presented at the final hearing establishing this requirement." *Morrell v. Chadick*, 965 So. 2d 1277, 1279 n.1 (Fla. 2d DCA 2007).

6

The record here, unlike that in *Morrell*, establishes that Petitioner met her burden of demonstrating that she satisfied the reporting requirement. She made a report to law enforcement, then obtained an incident report number from law enforcement, and put it on the petition form. The only reason an incident report *number* existed is because she made a report.

At the evidentiary hearing below, Petitioner testified under oath at some length to the facts of the sexual assault, identifying pictures of her torn jeans and the bruises on her thigh. She was cross-examined vigorously. She testified that she called the police special victims unit and reported the assault. She got the name and contact number for the detective who took her call. She gave the detective her name and phone number, and her assailant's name. She described the assault and the circumstances leading up to it and following it. She provided the names and contact information of people to whom she had already disclosed the assault.

Petitioner also testified that she discussed with the detective what options she had, which included not proceeding with a criminal case against her attacker at that time. Ultimately, she asked to remain anonymous. There is no evidence that Petitioner told the detective what to record, or that she controlled the content of the detective's records in any way.

The detective also testified under oath. She recalled talking with a female about a sexual battery, and that the caller was upset. The caller had gotten the detective's number from an FSU advocate. The detective acknowledged that Petitioner was that caller. The detective further testified that there was no pertinent information that Petitioner failed to provide. She and Petitioner discussed potentially pursuing a Title IX complaint against the assailant, and that the detective would keep Petitioner's information anonymous. After speaking with Petitioner, the detective called the victim advocate at FSU, expressing concern about Petitioner and indicating that Petitioner would be calling the advocate.

7

The detective created a very brief report that included Petitioner's name, phone number, and the date and time of the call, also indicating that the caller wished to remain anonymous. When Petitioner decided to seek an injunction, she contacted the detective to get the incident report number, and the detective used the contact information from Petitioner's initial report to provide that incident report number. The detective assured Petitioner in a text message that "[a]s we discussed, you will be listed as anonymous for now." The detective testified that Petitioner still could "make a full disclosure" and proceed on her complaint if within the statute of limitations.

Respondent's counsel obtained this report through a public records request. Petitioner had not previously seen the report. The report was categorized as "open/inactive," and indicated that the reporter wished to remain anonymous. Respondent's counsel argued that the lack of substantive information made this, as a matter of law, not a "report" sufficient to satisfy the statute. The trial court rejected that argument and found that Petitioner "meets the requirements for an injunction established by law."

We should affirm. The statute does not require anything more about a report except the fact of a report sufficient to generate an incident report number, and the petitioner's provision of that report number in the petition. Petitioner did that. The statute does not list required contents for law enforcement's written record, and we have no authority to create any. If there were any doubt about whether a report were made, Petitioner's testimony, plus that of the detective, eliminated that doubt.

Respondent does not attack Petitioner for failing to tell law enforcement about her assault, but rather attacks the detective's written record of Petitioner's initial phone call—which Petitioner did not write, review, edit, or even see until Respondent produced it before the hearing. Respondent's argument improperly shifts the inquiry from the fact of a petitioner's *report* to the receiving person's unilateral choice of what to *record* from the report. Those are, or can be, two different things, as the evidence here demonstrates. The statute asks only whether the petitioner reported. Neither the statute nor the supreme-court-approved petition form asks what the recipient records—in fact, neither asks

about the content of a report at all. They only require that a report was made. It was.

Further cementing this result, section 784.046(2)(c)1. expressly acknowledges that there might not be a criminal proceeding after an assault is reported. The statute requires that the victim "is cooperating in *any* criminal proceeding" regardless of whether any charges are "filed, reduced, or *dismissed* by the State Attorney." *Id.* (emphasis added). The statute's focus is not on what happens after the victim reports the assault. There does not have to be an active criminal proceeding. To the extent that the statute requires any cooperation, this record shows that Petitioner provided all pertinent information to law enforcement, then obtained and provided the one thing the statutory form requires: a law enforcement incident report number. We should affirm.

_____

Luke Newman of Luke Newman, P.A., Tallahassee, for Appellant.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellee.

9