UPCHURCH, Chief Judge.
This is an appeal from a judgment for specific performance of a land sale contract. The basic question presented is whether there was a contract which the court could enforce.
Appellant Belitz was trustee of real property in Lake County. The trust beneficiaries were four family members of Belitz and two non-family members, one an attorney and the other a Realtor.
After Belitz negotiated and exchanged several offers and counter offers with ap-pellees Bernard and Joyce Riebe, the agreement in question was accepted. The agreement included the following provision: “Subject to buyer and seller agreeing on deed restrictions provided that none of the foregoing shall prevent use of the property for the purpose of building single family house” (underlined portion handwritten). No specific list of restrictions was discussed, although the parties met and generally discussed some restrictions.
The trust beneficiaries were not pleased with the agreement because the price was significantly lower than the appraised value. On July 8, 1983, a meeting was called by Belitz during which the Riebes were asked if they would just drop the contract. At this meeting, the agents for Belitz presented the Riebes with a set of proposed deed restrictions. These restrictions, according to Mrs. Riebe, were acceptable with a few modifications. The modifications were not acceptable to Belitz and a new list was prepared. Altogether three sets of restrictions were proposed, each set becoming more severe and the negotiations ended.
The Riebes filed suit to obtain specific performance, damages and reformation of the contract, to set usual and customary deed restrictions, or, in the alternative, to reform the contract by deletion of the requirement of deed restrictions. The trial court entered final judgment reforming the contract to provide that the deed restrictions were the same restrictions as first submitted by Belitz and modified by the Riebes. The final judgment also provided that the contract as reformed was to be specifically performed.
Belitz contends that there was no meeting of the minds as to the deed restrictions and that the lack of these essential terms renders the contract indefinite, uncertain and incapable of specific performance. See Farrell v. Phillips, 414 So.2d 1119 (Fla. 4th DCA 1982); Brickell Townhouse, Inc. v. Hirschfield, 404 So.2d 153 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 466 (Fla.1982). Belitz concludes that a court has no power to supply an agreement which was never made nor to supply material terms or provisions omitted by the parties.
The Riebes argue that equity has power to reform instruments to prevent manifest injustice and to express the intent of the parties. Spear v. McDonald, 67 So.2d 630 (Fla.1953); Nielsen v. Paneil, Inc., 202 So.2d 894 (Fla. 4th DCA 1967). A court will reform a contract if it fails to express the parties’ intentions because of fraud, mutual mistake, accident or inequitable conduct. Malt v. R.J. Mueller Enterprises, Inc., 396 So.2d 1174 (Fla. 4th DCA 1981); Hardaway Timber Co. v. Hansford, 245 So.2d 911 (Fla. 1st DCA 1971); 9 Fla.Jur.2d Cancellation, Reformation and Rescission of Instruments, § 72.
The Riebes argue that by failing to negotiate in good faith over the deed restrictions, Belitz acted inequitably. The Riebes point out that where the cooperation of a *777 party is a prerequisite to performance under the contract, there is an implied promise that the party will give the necessary cooperation. Casale v. Corrigan and Boland, Inc., 288 So.2d 299 (Fla. 4th DCA), cert. dism, 301 So.2d 100 (Fla.1974). See also Hanover Realty Corp. v. Condomo, 95 So.2d 420 (Fla.1957); Sharp v. Williams, 141 Fla. 1, 192 So. 476 (1939). There is little doubt that after submission of the initial list of restrictions, which the Riebes did not accept, Belitz made no attempt to negotiate further in good faith. The subsequent lists were transparent attempts to avoid the agreement.
However, a court has no right to write a contract for parties where none exists. We conclude that the deed restrictions were a material part of the proposed agreement. Until they were agreed upon no contract existed and the court could not supply them for the parties. Ordinarily deed restrictions are dictated by the seller and the buyer is free to accept or reject them. Until there is an acceptance, there can be no contract. This proposed agreement was nothing more than an “agreement to agree” and could not be enforced.
REVERSED.
COBB and COWART, JJ., concur.