754 So.2d 771 (2000)
Judith J. BUDAY, Appellant,
v.
Orion T. AYER, Jr., Appellee.
No. 2D97-5234.
District Court of Appeal of Florida, Second District.
March 10, 2000.
Rehearing Denied April 24, 2000.
*772 Andrew J. Rodnite, Jr. of Park, Bugg, Rodnite, Ossian & Zdravko, P.A., Clearwater, for Appellant.
Bruce G. Hermelee and Sara Helene Sharp of Hermelee & Sharp, Miami, for Appellee.
CASANUEVA, Judge.
Judith J. Buday raises three issues in this appeal from a final judgment in favor of Orion T. Ayer, Jr. Ms. Buday's contention that the trial court improperly permitted Mr. Ayer's counterclaim to be amended at the close of the evidence is meritorious. Accordingly, we reverse as to this issue, strike damages awarded due to the improper amendment, and affirm as to the remaining issues.
In this dispute involving ownership of real property and the determination of whether a default had occurred for nonpayment under certain mortgage instruments, Ms. Buday sued to quiet title and foreclose an agreement for deed. Mr. Ayer counterclaimed for specific performance of an agreement for deed as well as for a declaratory judgment, neither of which causes of action provided for an award of monetary damages. At trial, Mr. Ayer testified that Ms. Buday's failure to pay the underlying mortgage damaged him not only because he had to make the payments himself but also because his credit rating had been injured. At the close of the evidence, Mr. Ayer moved to amend his pleadings to conform to evidence, adduced during his own testimony, that as a result of Ms. Buday's conduct he had sustained $25,000 in damages. Over objection, the trial court permitted the amendment with the ultimate result that the jury verdict and final judgment included an award of the disputed damages.
A trial court, in the exercise of its discretion, may permit the amendment of pleadings pursuant to rule 1.190, Florida Rules of Civil Procedure. This discretion "is at its nadir when the trial court has, as in this case, heard all of the evidence." Dean Co. v. U.S. Home Corp., 485 So.2d 438, 439 (Fla. 2d DCA 1986). Nothing in this case indicates that Ms. Buday was on notice that Mr. Ayer sought monetary damages; she had no reason to anticipate such a claim before the trial's commencement.
Under rule 1.190(b), however, a party is entitled to amend a pleading to conform to the evidence if that party can establish that the issue was tried by the express or implied consent of the opposing party. An opponent who objects must satisfy the trial court that admission of the evidence will cause it to suffer prejudice. In this case, we conclude that the issue was not tried by consent and that the admission of the evidence prejudiced Ms. Buday within the meaning of rule 1.190(b).
In Smith v. Mogelvang, 432 So.2d 119, 122 (Fla. 2d DCA 1983), this court noted that two criteria determine whether an issue has been tried by implied consent: "a) whether the opposing party had a fair opportunity to defend against the issue and b) whether the opposing party could have offered additional evidence on that issue if it had been pleaded." The Mogelvang standards serve as counterweights: "The more of an indication that additional evidence could have been offered by the opposing party if the issue had been pleaded, the greater the potential unfairness to *773 that party from the issue not having been pleaded." Id.
The Mogelvang opinion also identifies some factors that merit consideration on the issue of implied consent. Of particular relevance to this case are the esoteric nature of the subject matter and the concomitant problems with effective cross-examination; the justification for failure to plead the issue; and the relevance of the new issues to the pleaded issues. Mogelvang, 432 So.2d at 124. In this case Mr. Ayer's alleged damages could not be proven with scientific or mathematical precision. Basically, Mr. Ayer offered his opinion or estimate of the damages he sustained. The nature of this surprise claim obstructed Ms. Buday's efforts to conduct compelling cross-examination or to present any cogent response to the issue during the ongoing trial. Furthermore, the record reveals no excuse for Mr. Ayer's failure to claim these damages at an earlier stage of the proceedings. Finally, the damages claim, at best, related only marginally to the various causes of action advanced by the two parties. All of these factors, taken together, disclose that Ms. Buday did not impliedly consent to try this claim.
These principles notwithstanding, Mr. Ayer contends that Ms. Buday did not object to his testimony regarding damages and thereby actually consented to amendment of his pleadings. Because Ms. Buday was given a continuing objection to certain lines of question, the record on this point is concededly ambiguous. Nevertheless, we find that, even if Ms. Buday's counsel did neglect to object, this failure, "whether due to mistake or momentary lapse of attentiveness," is insufficient to establish consent for purposes of rule 1.190(b). Mogelvang, 432 So.2d at 124. Thus, the trial court abused its discretion in allowing amendment of Mr. Ayer's pleadings. The award of $25,000 in monetary damages cannot be sustained and is hereby stricken.
Affirmed in part, reversed in part, and remanded to strike a portion of the damage award in the amount of $25,000.
THREADGILL, A.C.J., and ALTENBERND, J., Concur.