813 So.2d 262 (2002)
CARDINAL INVESTMENT GROUP, INC., a Florida corporation, and Distritank, Inc., a foreign corporation, Appellants,
v.
Terry GILES, Appellee.
No. 4D01-1669.
District Court of Appeal of Florida, Fourth District.
April 10, 2002.
*263 Bard D. Rockenbach of Sellars, Marion & Bachi, P.A., West Palm Beach, for appellants.
Richard S. Tolbert, West Palm Beach, and Stephen R. Koons, Melbourne, for appellee.
KLEIN, J.
This appeal arises from disputes about a lease under which appellee was operating a gym in appellant landlord's building. The landlord appeals a mandatory injunction requiring the landlord to install a new air-conditioning system. We reverse.
The tenant sued the landlord seeking declaratory relief, damages for loss of business as a result of inadequate air-conditioning and an injunction to prevent the landlord from evicting the tenant. At the conclusion of the trial, the court concluded that the tenant had established that the air-conditioners did not have sufficient capacity to cool the premises and decided, on its own, to enter an injunction requiring the landlord to install a replacement air-conditioning system in "good working order," within a specific time period.
The pleadings did not request this type of injunctive relief, and courts are not authorized to grant relief not requested in the pleadings. Pond v. McKnight, 339 So.2d 1149 (Fla. 2d DCA 1976)(reversing part of order enjoining certain actions of appellants "when no such relief was requested by the appellees by way of counterclaim or any other pleading").
In addition, an injunction requiring specific performance of a lease is not available in Florida or the vast majority of other jurisdictions. Mayor's Jewelers v. Cal. Pub. Employees Ret. Sys., 685 So.2d 904 (Fla. 4th DCA 1996) and cases cited. The rationale of these cases is that such an injunction would require the court to supervise the future performance of the lease. Id. at 905. Calumet Co. v. Oil City Corp., 114 Fla. 531, 154 So. 141 (1934)(denying specific performance of an oil well drilling contract because the court would be unable to supervise performance of the contract).
The landlord also argues that there is no competent substantial evidence to support the trial court's finding that the tenant was not in default of the lease because rent payments were late. We find no merit in the landlord's argument on that issue.
We therefore reverse the injunction, which does not preclude the tenant from seeking damages on remand. Since our disposition of this appeal may affect who ultimately prevails we reverse and remand the order awarding prevailing party attorney's fees to the tenant.
WARNER and MAY, JJ., concur.