PER CURIAM.
Appellants Simon, Pipes & Ross, Inc., Mark Fasbinder, M.D., and Zachary Schlaff, M.D. (hereafter collectively referred to as “SPR”) appeal an adverse final judgment in a wrongful termination claim brought by a former employee/shareholder. We reverse.
In January of 1990, SPR hired appellee, Jamie Cuartas, M.D. (“Cuartas”), to practice radiology with their medical group. Cuartas and SPR signed an employment agreement under which Cuartas had a one year trial period followed by a four-year tenure period of employment. Cuartas completed the tenure period and became a shareholder in SPR.
Nine years later, SPR terminated Cuar-tas, and Cuartas sued the corporation, as well as Drs. Fasbinder and Schlaff individually. The initial complaint alleged wrongful termination based upon breach of the employment agreement. The trial court dismissed the complaint finding the four-year employment agreement had expired and did not set forth any terms or conditions of the parties’ relationship after Cuartas became a shareholder.
Eventually, Cuartas filed a fourth amended complaint containing a promissory estoppel count which alleged a verbal promise was made that Cuartas would not be terminated except “for cause.” In support of the verbal promise claim, Cuartas referred to the employment agreement. SPR moved to dismiss the promissory es-toppel count arguing it represented an attempt to indirectly resurrect the previously dismissed written contract claim.
At the hearing on the motion to dismiss, Cuartas conceded the employment agreement was not binding on the parties and did not govern his rights and obligations *872 as a shareholder. The motion to dismiss was denied and the ease proceeded to trial on Cuartas’s promissory estoppel and breach of fiduciary duty claims.
At trial, SPR moved to exclude evidence of the employment agreement on the basis the document was prejudicial, confusing, and irrelevant. The trial court, however, denied the motion. Thereafter, over SPR’s objection, the trial court granted Cuartas’s ore terms motion to amend the complaint to conform to the evidence introduced at trial.
The jury returned a verdict finding SPR hable for promissory estoppel and awarded $813,000 in lost wages. Additionally, Fas-binder and Schlaff were found liable for breach of fiduciary duty. When asked to specify the amount of unspecified damages, “if any,” that were caused by Fasbin-der’s and Schlaff s breaches, the jury answered: “$0 lost wages” and “$0 loss of reputation.” A final judgment was entered holding SPR and the individual defendants Fasbinder and Schlaff jointly and severally hable for $813,000.
Where an objection is raised by the defendant, it is reversible error to permit a plaintiff to amend at the close of evidence to allege a new theory of recovery. See Designers Tile Int'l Corp. v. Capitol C Corp., 499 So.2d 4 (Fla. 3d DCA 1986), review denied, 508 So.2d 13 (Fla.1987); see also Freshwater v. Vetter, 511 So.2d 1114 (Fla. 2d DCA 1987) (trial court should not allow amendment over objection). Here, the trial court allowed Cuar-tas to amend the promissory estoppel and breach of fiduciary duty claims at the conclusion of trial, and to argue that the employment contract was the basis for wrongful termination. Particularly where the judge ruled the contract had expired and where Cuartas acknowledged the contract did not apply, we find this change in the cause of action was clearly material and greatly prejudiced SPR. See Allett v. Hill, 422 So.2d 1047 (Fla. 4th DCA 1982); Versen v. Versen, 347 So.2d 1047 (Fla. 4th DCA 1977).
Moreover, there was no evidence presented to support Cuartas’s claims of promissory estoppel and breach of fiduciary duty. Thus we find SPR was entitled to a directed verdict in its favor. See Designers Tile International Corp. v. Capitol C Corp., 499 So.2d at 4; Tucker v. Daugherty, 122 So.2d 230 (Fla. 2d DCA), cert. denied, 125 So.2d 878 (Fla.1960). Accordingly, the final judgment is reversed, and the cause is remanded to the trial court with directions to enter final judgment in favor of SPR.
Reversed and remanded with directions.