NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GGB PROFIT SHARING                       )
PARTNERSHIP, Successor to                )
GOLDBERG, GOLDSTEIN & BUCKLEY )
PROFIT SHARING PARTNERSHIP,        )
                                                           )
             Appellant,                             )
                                                           )
v.                                                        )          Case No.   2D13-3971
                                                           )
MORTON A. GOLDBERG and           )
CAROL M. WEBER,                          )
                                                           )
             Appellees.                             )
_____)

Opinion filed April 29, 2015.

Appeal from the Circuit Court for Lee
County; Sherra Winesett, Judge.

Theodore L. Tripp, Jr. and Jamie B.
Schwinghamer of Hahn Loeser &
Parks, LLP, Fort Myers, for Appellant.

Michael R.N. McDonnell of McDonnell
Trial Law, Naples, for Appellees.


KELLY, Judge.

GGB Profit Sharing Partnership (GGB) appeals from the amended final judgment that finds that the appellees, Morton A. Goldberg and Carol Weber,[1] are entitled to a share of the proceeds GGB received from an employee dishonesty policy. GGB argues that the trial court erred in finding for the appellees on a theory they had not raised in the pleadings. We agree and reverse.

Appellee Goldberg was the managing partner of Goldberg, Goldstein & Buckley, P.A. He was also the trustee and a fiduciary of the law firm's profit sharing plan (the Plan). The Plan suffered losses in excess of $2,000,000 as a result of criminal conduct to which Goldberg pleaded guilty. Because of Goldberg's conduct, the Plan had to be terminated. Its assets were transferred to Appellant, GGB, which was formed to succeed the Plan. Goldberg owned an interest in GGB in the form of an individual retirement account that was entitled to receive cash distributions from the partnership.

Goldberg's plea resulted in an order requiring him to pay restitution to GGB and others. Goldberg, however, filed for bankruptcy. GGB instituted an adversary proceeding against Goldberg in the bankruptcy case and eventually entered into a settlement with him in which Goldberg agreed to allow GGB to set aside $400,000 of his cash distributions in reparation for the losses he caused. The settlement agreement, recognizing that in the criminal case Goldberg had been ordered to pay restitution to GGB, among others, provided for Goldberg's IRA to share in any restitution payments made to GGB. Specifically, Paragraph 2 of the bankruptcy agreement states:

> If and when the Partnership receives Restitution Payments,
> the first $250,000.00 of such Restitution Payments received
> by the Partnership shall be directed solely to Goldberg's IRA.

[1]Appellee, Carol Weber, is Goldberg's former wife and an assignee of a portion of Goldberg's rights under the settlement agreement.

> Any and all Restitution Payments received in excess of $250,000.00 shall inure to the benefit of all participants in the Partnership, including Goldberg's IRA.

The settlement agreement defined "Restitution Payments" as the payments Goldberg was required to make to "various 'victim interest holders' including [GGB]" as a result of his criminal conviction.

GGB also filed a claim under its employee dishonesty policy and ultimately settled with the insurance company for the net sum of $400,000. When GGB refused to distribute any of the proceeds from the policy to Goldberg's IRA, he filed a complaint for declaratory judgment and damages. He alleged in his complaint that the $400,000 GGB received from the dishonesty policy was a "restitution payment" and, therefore, he was entitled to recover his $250,000 under paragraph 2 of the bankruptcy settlement agreement.

At trial, Goldberg for the first time asserted an alternative basis for relief. In his opening statement, Goldberg's counsel explained:

> So we're actually seeking relief in the alternative. Mr. Goldberg is entitled—is a 20 percent holder of GGB interest and there was a $400,000 payment to the trust, at a minimum he is entitled to an $80,000 payment as a beneficiary of that trust. This is without regard to that issue of restitution or whether there is restitution or not. This is so because there's no provision in the pension plan that would work to deny Mr. Goldberg his right to that money.

GGB's counsel objected to the new theory and argued as follows:

> The Amended Complaint alleges one claim. The one claim that is alleged in the amended complaint is that the partnership received restitution payments. There is no claim that the partnership received income from whatever source and did not appropriately distribute that income to the plan participants. That claim has not been pled. We are not prepared to defend that claim, and allowing the plaintiff now

to depart so dramatically from their pleadings would be extremely prejudicial.

In response to GGB's objection, Goldberg pointed to paragraph 6 of its amended complaint which alleged that "Plaintiffs also contend that they are entitled to the benefits of the trusts that accrue to them by virtue of such instruments in addition to any provisions of the 'Settlement Agreement.' " The trial court found that paragraph 6 "stated[d] a claim for relief on the alternative basis" of Goldberg's interest in GGB, and it ultimately entered a judgment in Goldberg's favor based on this "alternative basis." GGB argues this was error.

The issue for us to determine is whether the claim on which Goldberg prevailed, which was based on his status as a trust beneficiary, satisfied Florida's pleading requirements. Florida Rule of Civil Procedure 1.110(b)(2) requires that a complaint contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." In Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 537 So. 2d 561, 563 (Fla. 1988), the court explained that "litigants at the outset of a suit must be compelled to state their pleadings with sufficient particularity for a defense to be prepared." We conclude that the claim in paragraph 6 could not have put GGB on notice that Goldberg was alternatively seeking a percentage of the insurance proceeds as a trust beneficiary.

Before trial, Goldberg had only sought the insurance proceeds as restitution. The plain wording of paragraph 6 asserts a claim to "the benefits of the trust," not as an alternative means to obtain a payment from the proceeds of the insurance policy but rather as a claim for payments owed "in addition to" any restitution due to Goldberg under the bankruptcy settlement agreement. GGB notes that Goldberg

- 4 -

sought to amend the complaint to add paragraph 6 for the stated purpose of ensuring that he would continue to receive the regular distributions that had been made to him by GGB before and throughout the course of the litigation. GGB also points to Goldberg's interrogatory answers and pretrial compliance, both of which assert only that he was seeking the $250,000 he was due under the bankruptcy settlement agreement for "restitution." Because paragraph 6 was not adequate to put GGB on notice of Goldberg's alternative theory, it was error for the trial court to consider it. See Arky, 537 So. 2d at 563 (concluding that a party is precluded from recovering on an unpled claim); Agrofollajes, S.A. v. E.I. Du Pont De Nemours & Co., 48 So. 3d 976, 995 (Fla. 3d DCA 2010) (noting that it is error for the trial court to allow the plaintiffs to argue an issue at trial that was not pleaded).

Accordingly, we reverse the judgment in favor of Goldberg and Weber and remand for entry of judgment in favor of GGB.

Reversed and remanded with directions.

SILBERMAN and BLACK, JJ., Concur.