DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FEDERAL HOME LOAN MORTGAGE CORPORATION,**
Appellant,

v.

**JAMES BEEKMAN,**
Appellee.

No. 4D13-4086

[August 19, 2015]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 502009CA001458XXXNB.

Alen H. Hsu and Michael A. Rodriguez of Blank Rome LLP, Boca Raton, for appellant/cross-appellee.

Neil F. Garfield of The Garfield Firm, Tallahassee, and Patrick B. Giunta of Patrick B. Giunta, P.A., Fort Lauderdale, for appellee/cross-appellant.

FORST, J.

Appellant Federal Home Loan Mortgage Company appeals the trial court's entry of an order granting a loan modification to Appellee/Cross-Appellant James Beekman ("Borrower").[1] Appellant asserts the issue of loan modification was neither requested in Borrower's pleadings nor tried

---

[1] Borrower cross-appeals the trial court's denial of his motion to amend his answer and affirmative defenses. Florida Rule of Civil Procedure 1.190(a), which governs amendments to pleadings, "reflect[s] a clear policy that, absent exceptional circumstances, requests for leave to amend pleadings should be granted." *Thompson v. Jared Kane Co.*, 872 So. 2d 356, 360 (Fla. 2d DCA 2004). "A trial court's refusal to allow amendment . . . generally constitutes an abuse of discretion 'unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile.'" *PNC Bank, N.A. v. Progressive Emp'r Servs. II*, 55 So. 3d 655, 660 (Fla. 4th DCA 2011) (quoting *Fields v. Klein*, 946 So. 2d 119, 121 (Fla. 4th DCA 2007)). However, the rule of liberality "gradually diminishes as the case progresses to trial" and "[t]here comes a point in litigation where each party is entitled to some finality." *Noble v. Martin Memorial Hosp. Ass'n Inc.*, 710 So. 2d 567, 568 (Fla 4th DCA 1997).

by consent.  Because we agree with Appellant's arguments, we accordingly reverse the trial court's decision.

## Background

In 2005, Borrower executed a note and home mortgage agreement. Ultimately, Appellant became the holder of the note.  When Borrower ceased making payments on the mortgage, Appellant filed a foreclosure action.  Borrower answered the complaint, admitting that payments on the mortgage had not been paid, but asserted a single affirmative defense of lack of standing.

The matter was set for non-jury trial on October 21, 2013.  On October 10, Borrower sought leave to amend his answer to raise nineteen additional affirmative defenses and to file a counterclaim with eleven new causes of action.  This motion was denied, with the trial court finding Borrower's counterclaim was not compulsory and was "a delay tactic and abuse of pleading practice."

At trial, Appellant introduced testimony from a witness who stated that Borrower was in default on his loan and that Appellant had standing to foreclose at the time the complaint was filed.  The witness further testified that Appellant's business records, including the loan payment history, were reviewed for accuracy when they were obtained from a prior lender, but conceded that the amount owed in Appellant's proposed final judgment was incorrect.  The witness also stated that Borrower made four payments as part of a trial loan modification, all of which were late, and failed to submit the necessary documentation of his income in order to qualify for a permanent modification.

Borrower testified on his own behalf and introduced a modification agreement, which he claims showed he qualified for a permanent modification.  Borrower stated that he submitted the financial documentation requested by the lenders for a modification at least five times.  Borrower claimed the lenders repeatedly and intentionally lost his modification paperwork and denied his modification, with a prior lender's representatives telling him "the investors had better options, plain and simple." Borrower testified he never had any communications or business dealings with Appellant, but stated that he would pay a modification if given one.  Borrower also stated he believed he had been given a permanent modification, but agreed that he had never received an approved modification agreement.

The trial court found that Borrower qualified for the modification

agreement offered to him and that his application was rejected due to a lack of investors, which the court found was "not a legitimate basis." The trial court further found that the modification issue was tried by consent and ordered the parties to comply with the modification offer. Appellant now appeals the entry of this final judgment, arguing the judgment must be vacated as void and that the trial court exceeded its powers by creating a new contract for the parties. Borrower cross-appeals, arguing the trial court erred by denying his motion to amend his answer and file counterclaims.

## Analysis

Generally, "courts are not authorized to grant relief not requested in the pleadings." *Cardinal Inv. Grp., Inc. v. Giles*, 813 So. 2d 262, 263 (Fla. 4th DCA 2002); *see also Homestead-Miami Speedway, LLC v. City of Miami*, 828 So. 2d 411, 413 (Fla. 3d DCA 2002); *Pond v. McKnight*, 339 So. 2d 1149 (Fla. 2d DCA 1976). "[A] judgment which grants relief wholly outside the pleadings is void." *Bank of N.Y. Mellon v. Reyes*, 126 So. 3d 304, 309 (Fla. 3d DCA 2013).

An exception to the rule requiring relief to be pled is if the issue is tried by consent of the parties. "When issues not raised by the pleadings are tried by express or implied consent, they shall be treated in all respects as if they had been raised in the pleadings." Fla. R. Civ. P. 1.190(b). An issue is tried by consent "when there is no objection to the introduction of evidence on that issue." *Scariti v. Sabillon*, 16 So. 3d 144, 145-46 (Fla. 4th DCA 2009) (quoting *LRX, Inc. v. Horizon Assocs. Joint Venture ex rel. Horizon-ANF, Inc.*, 842 So. 2d 881, 887 (Fla. 4th DCA 2003)); *see also Robinson v. Robinson*, 340 So. 2d 935, 936 (Fla. 4th DCA 1976) (stating an issue was tried by consent where, "without objection from either party the issue was presented, considered and ruled on by the trial court"). The Second District held that the key test of determining "whether an issue has been tried by implied consent is whether the party opposing introduction of the issue into the case would be unfairly prejudiced thereby." *Smith v. Mogelvang*, 432 So. 2d 119, 122 (Fla. 2d DCA 1983). "[A]n unpleaded issue is considered as having been tried or not tried by implied consent under two interrelated criteria involving (a) whether the opposing party had a fair opportunity to defend against the issue and (b) whether the opposing party could have offered additional evidence on that issue if it had been pleaded." *Id.*

In this case, the issue of loan modification was neither requested in Borrower's pleadings nor tried by consent. While Appellant may have mentioned the fact that Borrower had been denied a modification, it

objected to testimony which seemed to imply that Borrower sought a modification or referred to alleged errors in the denial of the modification. Appellant's failure to object to every single mention of the failed modification does not imply consent. When it became clear that Borrower was going to be given substantial leeway for narrative testimony, Appellant was granted a continuing objection to matters that were outside the scope of evidence. "Because [Appellant] was given a continuing objection to certain lines of question, the record on this point is concededly ambiguous." *Buday v. Ayer*, 754 So. 2d 771, 773 (Fla. 2d DCA 2000). "Nevertheless, . . . even if [Appellant]'s counsel did neglect to object, this failure, 'whether due to mistake or momentary lapse of attentiveness,' is insufficient to establish consent for purposes of rule 1.190(b)." *Id.* (quoting *Mogelvang*, 432 So. 2d at 124).

Here, Appellant was denied an opportunity to defend against the issue of loan modification and could have offered additional evidence had the issue been pled. Nothing in the trial testimony was likely to have put the Appellant on notice that Borrower was seeking modification as a remedy. Borrower argues his statement - that if given a modification, he would pay it - indicates that he requested a modification. However, this solitary statement was insufficient to notify Appellant that a modification was a possible remedy in this case, particularly where Appellant had a continuing objection to the repeated discussion about alleged errors in the modification application process.

Because Appellant objected to the introduction of testimony about the modification and did not present evidence to defend against that issue due to a lack of notice that modification was at issue, this issue was not tried by consent. Because loan modification was outside the scope of the pleadings and Appellant did not consent to the trial of this issue, modification was not a valid remedy before the court. As such, the judgment is void.

Furthermore, the trial court exceeded its authority by granting an unbargained-for modification contract. "A court will reform a contract if it fails to express the parties' intentions because of fraud, mutual mistake, accident or inequitable conduct." *Belitz v. Riebe*, 495 So. 2d 775, 776 (Fla. 5th DCA 1986). "However, a court has no right to write a contract for parties where none exists." *Id.* at 777. Likewise, "[i]t is never the role of the trial court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what turns out to be a bad bargain." *Feldman v. Kritch*, 824 So. 2d 274, 277 (Fla. 4th DCA 2002).

Here, the loan modification agreement was submitted into evidence.

4

The plain language of the agreement states, "This Agreement is not binding on Note Holder, unless and until Note Holder, or servicing agent, IndyMac Federal Bank FSB ("IndyMac"), verifies that you qualify for this modification offer. If you qualify, IndyMac will sign and return this Agreement to you, and it will be effective on the date it is signed by IndyMac. If you do not make all payments when due while we verify that you qualify, or if you do not qualify, your Note will not be modified." The parties agree the Agreement was not signed by IndyMac or returned to Borrower.

Appellant's obligations under the modification agreement were explicitly conditioned on Borrower's qualification for the offer and timely payment. There was contradictory evidence as to whether Borrower made timely payments under the trial modification. Even assuming these payments were timely, however, there was not competent substantial evidence to support the trial court's finding that Borrower qualified for the modification. Appellant presented testimony that Borrower's income and paperwork were insufficient to qualify for the modification. There was no evidence stating that Borrower's income was sufficient to qualify, only an assertion by Borrower that bank representatives told him "the investors had better options, plain and simple." Additionally, the payment amounts required under the trial court's order do not reflect the payment plan specified in the modification agreement and several key terms of the new contract were left unspecified, including the total amount owed. There was simply no evidence on this record to support the trial court's conclusion that Borrower was entitled to a modification or to support the terms of the modification as granted.

**Conclusion**

The trial court erred by granting relief that was outside the scope of the pleadings and was not tried by consent. The court also erred by imposing a new contract on the parties that was wholly unbargained-for and the terms of which lacked evidentiary support. Therefore, we reverse and remand this case for new trial. Should Borrower meet the established legal standard governing the amendment of pleadings, he should be allowed to amend his answer and affirmative defenses.

*Reversed and remanded for new trial.*

CIKLIN, C.J., and KLINGENSMITH, J., concur.

*        *        *

5

*Not final until disposition of timely filed motion for rehearing.*