NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARLYN TRACEY,                                   )
                                                 )
          Appellant,                             )
                                                 )
v.                                               )          Case No. 2D16-5091
                                                 )
WELLS FARGO BANK, N.A., as Trustee               )
for the Certificateholders of Banc of            )
America Mortgage Securities, Inc. 2007-2         )
Trust, Mortgage Pass-Through                     )
Certificates, Series 2007-2,                     )
                                                 )
          Appellee.                              )
_____)

Opinion filed March 23, 2018.

Appeal from the Circuit Court for Pinellas
County; Karl B. Grube, Senior Judge.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellant.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of Akerman
LLP, Fort Lauderdale; Celia C. Falzone of
Akerman LLP, Jacksonville, and David A.
Karp of Akerman LLP, Tampa, for Appellee.

LUCAS, Judge.

          Marlyn Tracey appeals a final judgment foreclosing Wells Fargo Bank,

N.A.'s (Wells Fargo) mortgage on her home.  Ms. Tracey raises two issues on appeal.

Finding merit in her first argument, we need not consider the second. The circuit court reversibly erred when it permitted Wells Fargo to amend its complaint during trial to conform to the evidence it presented of two unpled modification agreements.

The underlying litigation began on June 9, 2011, when Wells Fargo filed a complaint seeking to foreclose upon a mortgage on Ms. Tracey's property. The original complaint included as exhibits Ms. Tracey's promissory note, mortgage, and two loan modification agreements, dated May 8, 2009, and July 17, 2009, respectively. As originally filed, Wells Fargo's complaint specifically alleged that Ms. Tracey's breach of the modification agreements predicated its claim for relief.

Following an involuntary dismissal of that pleading, Wells Fargo changed tack with respect to its theory of recovery. On September 5, 2012, it filed an amended complaint, what would become the operative pleading for the remainder of this case, in which no mention was made of the previously asserted and attached modification agreements. For her part, Ms. Tracey's answer and affirmative defenses to the amended complaint did not raise either of these modification agreements as an avoidance to any part of Wells Fargo's claim. So, seemingly, whatever importance these modification agreements may have had—either as a basis for Wells Fargo's recovery or as an avoidance to it—was abandoned as an issue for adjudication. The case then progressed in a not unordinary course for a residential mortgage foreclosure proceeding.

When the case went to trial four years later, Wells Fargo changed course yet one more time, reverting back to the modification agreements as a basis for its cause of action. Over objection, Wells Fargo admitted both modification agreements

into evidence and called two witnesses who explained the succession of the note, Ms. Tracey's payment history, and that the balance was due and owing based upon the note and modification agreements. Wells Fargo's counsel argued that the omission of the modification agreements from the amended complaint was a "mistake or inadvertence" but that, in all events, their inclusion as part of its claim for relief visited no prejudice on Ms. Tracey because she signed the agreements and they were attached to a pleading—albeit the original, abandoned complaint. Ms. Tracey maintained that she was prejudiced by the change in Wells Fargo's theory of the case because she was unable to prepare her defense for an issue she had thought was abandoned four years earlier. Indeed, she testified that she was under the impression that the loan modification agreements Wells Fargo introduced had never progressed beyond proposals: she received blank envelopes from Wells Fargo regarding the agreements, and when she attempted to inquire about their status by telephone was directed to a call center in Bangladesh. Nevertheless, the circuit court granted Wells Fargo's motion and, following the conclusion of the trial, entered the final judgment of foreclosure—premised on the mortgage, promissory note, and both loan modification agreements—that we now have before us.

A circuit court's decision to amend the pleadings to conform to the evidence under Florida Rule of Civil Procedure 1.190(b) is one we review for abuse of discretion. Turna v. Advanced Med-Servs., Inc., 842 So. 2d 1075, 1076 (Fla. 2d DCA 2003). Our review here requires us to examine a particular aspect of rule 1.190(b):

> **Amendments to Conform with the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such

-3-

amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues.  If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and *the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party* in maintaining an action or defense upon the merits.

(Emphasis added.)

Without question, Ms. Tracey objected to Wells Fargo's reassertion of the loan modification agreements as a basis for its recovery at trial.  She did not try Wells Fargo's claim on two modification agreements by express or implied consent.  The question before us, then, is whether the circuit court's finding that she was not prejudiced by the late amendment amounted to an abuse of discretion.  Under these facts, we hold that it was.

Few courts have attempted to lay hold of the precise measure of "prejudice" that rule 1.190(b) contemplates when a party objects to a motion to amend a pleading to conform to the evidence.[1]  Cf. Smith v. Mogelvang, 432 So. 2d 119, 123 (Fla. 2d DCA 1983) ("There is a limit, which cannot be precisely delineated . . . beyond which parties may not depart from their pleadings.").  But a few guiding principles can

---

[1]At the same time, several courts have observed that the issue of prejudice is "the crucial consideration" on a motion to amend to conform to the evidence.  See Horacio O. Ferrea N. Am. Div., Inc. v. Moroso Performance Prods., Inc., 553 So. 2d 336, 337 (Fla. 4th DCA 1989) (first citing New River Yachting Ctr. v. Bacchiocchi, 407 So. 2d 607, 609 (Fla. 4th DCA 1981); then citing Lasar Manufacturing Co. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983); and then citing Fla. R. Civ. P. 1.190(b)).

be discerned. First and foremost, a court must be mindful of the larger purpose that pretrial pleadings fulfill in civil litigation—pleadings function as a safeguard of due process by ensuring that the parties will have prior, meaningful notice of the claims, defenses, rights, and obligations that will be at issue when they come before a court. See Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So. 2d 1244, 1252 (Fla. 2008) (" 'Florida law clearly holds that a trial court lacks jurisdiction to hear and to determine matters which are not the subject of proper pleading and notice,' and '[t]o allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights.' " (alteration in original) (emphasis omitted) (quoting Carroll & Assocs., P.A. v. Galindo, 864 So. 2d 24, 28-29 (Fla. 3d DCA 2003))); Hart Props., Inc. v. Slack, 159 So. 2d 236, 239 (Fla. 1963) ("[I]ssues in a cause are made solely by the pleadings . . . . [The purpose of pleadings] is to present, define and narrow the issues, and to form the foundation of, and to limit, the proof to be submitted on the trial."); Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 871 (Fla. 2d DCA 2011) ("Due process protections prevent a trial court from deciding matters not noticed for hearing and not the subject of appropriate pleadings." (quoting Mizrahi v. Mizrahi, 867 So. 2d 1211, 1213 (Fla. 3d DCA 2004))); Rankin v. Rankin, 258 So. 2d 489, 491 (Fla. 2d DCA 1972) ("We simply say that the pleadings must be such as to afford both parties due process."). It must also be remembered that rule 1.190(b), like all the rules of civil procedure, aims "to prevent the use of surprise, trickery, bluff and legal gymnastics." Surf Drugs, Inc. v. Vermette, 236 So. 2d 108, 111 (Fla. 1970); see also Massey-Ferguson, Inc. v. Santa Rosa Tractor Co., 366 So. 2d 90, 93 (Fla. 1st DCA 1979) ("The

trial judge aptly stated: 'The purpose of pleadings is to make issues.  The purpose of issues is for people to know what they've got to meet and get ready to meet it.' ").[2]

Prejudice, then, under rule 1.190(b), appears to turn on whether a litigant's right to notice of what to prepare for at trial has been infringed.  See, e.g., GGB Profit Sharing P'ship v. Goldberg, 166 So. 3d 847, 849 (Fla. 2d DCA 2015) (holding it was error to allow amendment to complaint to conform to the evidence so that plaintiff could change his theory of recovery from restitution to one based on his status as a beneficiary of a trust; "[b]ecause paragraph 6 [of the complaint] was not adequate to put GGB on notice of Goldberg's alternative theory, it was error for the trial court to consider it"); Bachman v. McLinn, 65 So. 3d 71, 74 (Fla. 2d DCA 2011) (concluding that the trial court erred in allowing the father to amend pleadings to conform to evidence at trial over the mother's objections because it "deprived the [m]other of the opportunity to prepare for the case that [the father] actually presented rather than for the one he pleaded, which was what she was expecting to defend"); Buday v. Ayer, 754 So. 2d 771, 772 (Fla. 2d DCA 2000) (reversing amendment of counterclaim to conform to the evidence where the original counterclaim sought specific performance and declaratory relief in a

---

[2]With those principles in mind, some of the prior pronouncements from our court concerning motions to amend to conform to the evidence (which seem almost categorical in their tenor) become all the more clarion.  See, e.g., Palm v. Taylor, 929 So. 2d 566, 568 (Fla. 2d DCA 2006) ("Amending a complaint during trial to assert a new cause of action generally should not be permitted over objection."); Freshwater v. Vetter, 511 So. 2d 1114, 1115 (Fla. 2d DCA 1987) ("[A]mending [to conform to the evidence] to state a new cause of action should not be allowed over objection." (first citing Triax, Inc. v. City of Treasure Island, 208 So. 2d 669 (Fla. 2d DCA 1968) and then citing Tucker v. Daugherty, 122 So. 2d 230 (Fla. 2d DCA 1960))); see also Simon, Pipes & Ross, Inc. v. Cuartas, 834 So. 2d 870, 872 (Fla. 3d DCA 2002) ("Where an objection is raised by the defendant, it is reversible error to permit a plaintiff to amend at the close of evidence to allege a new theory of recovery." (citing Designers Tile Int'l Corp. v. Capitol C Corp., 499 So. 2d 4 (Fla. 3d DCA 1986))).

real property dispute but the counterclaimant pursued a claim for money damages at trial; "[n]othing in this case indicates that Ms. Buday was on notice that Mr. Ayer sought monetary damages; she had no reason to anticipate such a claim before the trial's commencement"); Dean Co. v. U.S. Home Corp., Inc., 485 So. 2d 438, 439 (Fla. 2d DCA 1986) (concluding that it was "obvious[] . . . error" for the trial court to permit a third-party plaintiff to amend its complaint for indemnification to include a claim for contribution at the conclusion of trial because the third-party defendant "Dean entered the trial of the third[-]party claim knowing . . . that Dean had only to defend against U.S. Home's attempt to thrust upon it the entire responsibility for the roof's failure. . . . Dean's counsel had no reason to develop evidence during the trial of the third[-]party action that would have shed light on the percentage, if any, of the damages sustained by the Association to be borne by Dean"); Fed. Home Loan Mortg. Corp. v. Beekman, 174 So. 3d 472, 476 (Fla. 4th DCA 2015) (reversing entry of order granting a loan modification where note holder "was denied an opportunity to defend against the issue of loan modification and could have offered additional evidence had the issue been pled"); Kind v. Gittman, 889 So. 2d 87, 91 (Fla. 4th DCA 2004) (affirming trial court's refusal to permit a "[midtrial] amendment to introduce a new and different cause of action for breach of contract . . . [that] would have required additional discovery and possibly additional witnesses").

Viewed in the light of these holdings, Ms. Tracey clearly suffered prejudice when the circuit court permitted the amendment of Wells Fargo's complaint to conform to the evidence over her objection. Two contracts that she believed had never been formed (and that Wells Fargo had abandoned as a basis of recovery when it filed its

amended complaint) became a featured point of Wells Fargo's foreclosure cause of action against her. Cf. Rattigan v. Cent. Mortg. Co., 199 So. 3d 966, 967 (Fla. 4th DCA 2016) (reversing a final foreclosure judgment when "[t]he Bank was clearly proceeding under the modified note, i.e., a different note"). Ms. Tracey would have had no reason to prepare any kind of defense to these unpled modification agreements and, in fact, would have reasonably assumed that they would not be a feature in the trial at all. See Raymond, James & Assocs. v. Zumstorchen Inv., Ltd., 488 So. 2d 843, 844 (Fla. 2d DCA 1986) ("[I]n filing [an amended] complaint, the pleader causes the new complaint to become a substitute for the prior pleading."); Eigen v. Fed. Deposit Ins. Corp., 492 So. 2d 826, 827 (Fla. 2d DCA 1986) ("Normally, an original pleading is superseded where an amended pleading does not express an intention to save any portion of it."). Yet, the breach of the modification agreements became an integral part of the basis of Wells Fargo's theory of recovery as well as the final judgment the circuit court ultimately entered. Under these facts, allowing Wells Fargo to amend its complaint at trial was an abuse of discretion, and so we must reverse the court's final judgment.

Having reversed the judgment of foreclosure, the question arises as to what is the appropriate scope of remand. Compare Beekman, 174 So. 3d at 477 (reversing judgment of foreclosure premised on an unpled modification agreement and remanding for new trial), and Brumlik v. Palmer, 407 So. 2d 1058, 1059 (Fla. 5th DCA 1981) ("Because neither the pleadings, amendments nor proof support the relief granted, we reverse and remand for repleading and retrial."), with Buday, 754 So. 2d at 773 (reversing final judgment on counterclaim that was improperly amended at trial to pursue additional damages and remanding to strike that portion of the award from the

judgment), and Dean, 485 So. 2d at 440 (reversing judgment premised on motion to amend to conform to the evidence and directing trial court to enter judgment in favor of third-party defendant). On the facts before us, we are of the opinion that it would be proper to remand this case for further proceedings and a new trial so that the parties may have an opportunity, if the circuit court deems it appropriate, to reframe their pleadings on their respective claims and defenses. See Ohio Cas. Ins. Co. v. MRK Const., Inc., 602 So. 2d 976, 978 (Fla. 2d DCA 1992). We do not presume to set forth a comprehensive rule about the scope of remand today; we hold only that the facts and equities of this case warrant the one we are ordering.[3]

Reversed and remanded for further proceedings.

KHOUZAM and SLEET, JJ., Concur.

---

[3]Beyond pictorial proscriptions against biting apples more than once or affording "extra innings," see, e.g., Morton's of Chicago, Inc. v. Lira, 48 So. 3d 76, 80 (Fla. 1st DCA 2010)—metaphors that, even on their own terms, have become increasingly riddled with exceptions, see, e.g., Paeth v. U.S. Bank Nat'l Ass'n for C-Bass Mortg. Loan Asset Backed Certificates, 220 So. 3d 1273, 1275 (Fla. 2d DCA 2017) (holding that because "the Bank offered some evidence, albeit insufficient, to prove the amount of indebtedness . . . the Bank is entitled to further proceedings on remand to determine the amount of the indebtedness")—it does not appear that Florida law has developed a comprehensive theory or jurisprudential philosophy to guide appellate courts when fashioning remand instructions for lower tribunals in civil controversies. We have a generally stated rule (that parties in civil controversies are not ordinarily entitled to retry their case when a judgment is reversed due to their legal error) that is subject to "exceptional circumstances," Morton's, 48 So. 3d at 80, but no principled basis to discern which circumstances are exceptional or by what authority (be it equitable or legal) we brook their consideration.