DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARLOS CRUZ,**
Appellant,

v.

**KAREN MATOS,**
Appellee.

No. 4D22-700

[February 8, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 562016DR000207.

Chet E. Weinbaum of Law Office of Chet E. Weinbaum, Fort Pierce, for appellant.

No appearance for appellee.

FORST, J.

Appellant Carlos Cruz ("former husband") appeals the trial court's final judgment granting Appellee Karen Matos's ("former wife") motion for civil contempt and enforcement for non-payment of alimony. Former husband argues the trial court erred when it granted relief that was not requested by either party. Specifically, the trial court calculated former husband's alimony arrearage to include pre-October 2020 payments, despite the principal issue raised in former wife's motion being whether former husband was required to pay alimony from October 2020 to January 7, 2021. We agree with former husband and reverse.

**Background**

The parties entered into a marriage settlement agreement wherein former husband agreed to pay former wife permanent alimony until such time as former wife remarried. Former husband was to pay $750 in alimony per month, or $173.08 per week. These alimony payments began on December 9, 2016, and terminated when former wife remarried on January 7, 2021.

After her remarriage, former wife filed a motion for civil contempt and enforcement for nonpayment of alimony, arguing former husband had "NOT ma[de] full Alimony payments [from] October 2020 through January 2021." Former husband admitted he had not paid alimony from October 2020 to January 2021, arguing that a material hardship precluded him from paying alimony for those months.

At a hearing on the motion, the parties focused on former husband's material hardship claim, which former husband does not raise on appeal. Former wife cross-examined former husband, specifically asking him "why [he] cannot make a payment that you owe me for two and a half months behind." Former wife then stated in closing:

> I respectfully request . . . this Court . . . [to] grant the *three months* that [ex-Husband] owe [sic] me as alimony. . . . I am respectfully requesting that [this Court] grant the motion of contempt and he have to pay the alimony owed to me from *October to January 7th.*

(emphasis added).

During the hearing, the parties had allowed the trial court to take judicial notice of the marriage settlement case. Using the arrearage affidavit from the marriage settlement case, the trial court determined that there were underpaid or unpaid contributions from December 9, 2016, to October 2020. The trial court ultimately entered final judgment against former husband and awarded former wife $6,158.64, reflecting underpaid or unpaid alimony contributions from December 9, 2016 to January 7, 2021. This appeal followed.

## Analysis

"It is well-settled that a trial court violates due process and commits reversible error when it grants a party relief that the party did not request." *Booth v. Hicks*, 301 So. 3d 369, 370 (Fla. 2d DCA 2020). "Generally, 'courts are not authorized to grant relief not requested in the pleadings.'" *Fed. Home Loan Mortg. Corp. v. Beekman*, 174 So. 3d 472, 475 (Fla. 4th DCA 2015) (quoting *Cardinal Inv. Grp., Inc. v. Giles*, 813 So. 2d 262, 263 (Fla. 4th DCA 2002)); *see also Wallace v. Wallace*, 605 So. 2d 504, 505 (Fla. 4th DCA 1992) (relief neither requested in the pleadings nor supported by evidence at the hearing cannot be awarded).

In the instant case, former wife explicitly requested, in her motion and in her closing argument at the hearing on that motion, that the court order

former husband to compensate her for the unpaid alimony for the period of October 2020 to January 7, 2021. It was undisputed that former husband had not made alimony payments during that timeframe. Former wife neither claimed nor sought unpaid alimony for any period prior to October 2020, either in her motion or at the hearing on her motion. Nonetheless, the trial court, on its own initiative, took judicial notice of former husband's alimony payment history and ordered former husband to compensate former wife for the difference in alimony owed and alimony paid during the entirety of the period between December 9, 2016 and January 7, 2021.

By including pre-October 2020 alimony obligations in its calculation, the trial court's award went beyond what was requested in the pleadings. And because the pre-October 2020 amount of alimony due was raised by the trial court in its final judgment on its own initiative, it was not tried by consent of the parties. The trial court erred when it granted this relief.

## Conclusion

The trial court erred in going beyond the relief requested by former wife. We thus reverse the final judgment and remand this case for entry of an amended supplemental final judgment, limiting "the balance of the alimony" due to the amount unpaid for the period from October 1, 2020 to January 7, 2021.

*Reversed and remanded with instructions.*

WARNER and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3